## GATES vs. THE STATE.

To authenticate a public record by the *private* seal of an officer, the sealing should be by an impression upon wax or other tenacious substance. A scrawl is not sufficient.

APPEAL FROM BENTON CIRCUIT COURT.

TODD for appellant insists:

1st. The court should have sustained a motion to dismiss the case at the September term, 1848. The record does not show, the court found, a true bill was returned by the grand jury. It does not show an order of court receiving the indictment as found, a true bill. It does not order the filing of the indictment, and no order appears for process upon it as a matter of record, and the indictment was not filed as a record in court.

2nd. The record of the Moniteau circuit, contr of the 6th of October, 1848, containing a copy of that of Morgan circuit, made out or the 21st Apr il1848, should have been rejected on the trial for these reasons:

*First.* The seal of the clerk of Moniteau was not an official seal, being made with a scrawl around the initials L. S. By common law no sealing was legal but with impressions on wax, or tenacious substances. See Tomlin's L. D., title "seal," p. 441.

*Second.* A clerk's private seal is allowed by statute. See Rev. Code, p. 203, sec. 19, where there is no official seal. It is contemplated by statute that all official seals shall be impressions on wax or stamps on paper. See Rev. Code, p. 332, sec. 18, 19. Official seals are intended to be evidence of authentication by inspection. Our statutes allow scrawls as a substitute for sealing in private contracts only. See Rev. Code.

3rd. It should have been rejected for want of intrinsic evidence to prove the charge in the indictment. It fails to prove that a grand jury was empannelled or sworn at the October term, 1847, of any report from them of the presentation of this or any bill of indictment, of any order of the court filing the bill ordering a capias, or in relation thereto.

4th. If any such inference is deducible from acts of the court, yet in fact, the paper is not an indictment.

*First.* The bill is not signed by any prosecuting attorney, if that is not necessary.

*Second.* It is not signed by the grand jury or any foreman thereof, and there is no endorsement of a "true bill" signed by "the foreman;" and without such finding, and no record of such finding, the presumption of law, always in favor of criminals, would be, it was returned as "ignored," or not a true bill, and all subsequent acts of the court "void absolutely."

*Third.* The evidence in the record of the pendency of the cause by indictment, is matter of law alone for the court, and in law exists from the time of filing the record in the Moniteau circuit. This record does not show when it was filed in said court, other than by inference from the court acting on the case on the 25th of September, 1848. It had no tendency to prove the charge in the indictment of a prosecution for perjury, pending at the time of the commission of the offence, and was incompetent and irrelevant evidence.

*Fourth.* The amended record of the Moniteau circuit court, on the 28th day of June, 1849, was illegal and incompetent evidence for these reasons:

1. It was only evidenced by the clerk's certificate, authenticated by a scrawl for a private seal of office, which is no seal. See cases under point 2.

2. The clerk under the rule of the Benton circuit court, of March term, 1849, could not legally make a record of any papers filed, or attempted to be filed in his office, in that crimi-,

nal cause, the venue having been changed in Sept. 1848, and filed in Benton circuit court in Oct. 1848.

3. The supposed manuscript from Morgan circuit, filed in Moniteau, on the 26th May, 1849, was no part of the records of Moniteau; it was not filed by original suit, or an order of change of venue, on rule or certiorari from Moniteau circuit, or in any case there *pending*. It was an illegal and void act to file it.

4. The circuit court of Morgan had no authority to send a transcript to any court where the cause was not *pending*, and then only upon rule or certiorari: the order of the court was extra judicial and void. See statutes change of venue and 7 Mo. Rep. 206.

5. If evidence for any purpose, it was deficient in this; that the circuit court of Morgan at October term, 1847, never *adjudged* that the indictment was found *a true bill*, ordered it *filed* as a record in court, or ordered a capias thereon. Rev. Code, p. 866, sec. 21.

5th. The court erred in not giving defendant's instruction to find him not guilty, unless absolute threats of injury for appearing or not testifying.

6th. The motion to arrest should have been sustained for defects stated in the indictment, and secondly for defect in proceedings stated in point 1st to dismiss.

ROBARDS, Attorney General, for the State.

1. The court did right in refusing to strike the cause from the docket.
2. The indictment is good.
3. The instruction asked by the State, and given, contains a correct exposition of the law, applicable to the case, and the court did right in refusing to give the second instruction asked by the defendant.
4. The records admitted in evidence were properly authenticated and were admissible. Digest, page 332.
5. The transcript from Morgan to Moniteau county was filed in the latter court on the 18th June, 1848, and the offence was proven by the witness to have been committed in September, 1348, and subsequently to filing of the cause in Moniteau county.

Judge BIRCH delivered the opinion of the court.

The only point of disconcurrence between this court and the court below, has relation to the authentication of the record by the clerk of the Moniteau circuit court, from whence this cause was taken by change of venue. As we are not sitting to enact, but to administer laws, it may be sufficient to remark, that probably no judicial decision can be found which recognises any other mode of sealing, at common law, than by an impression upon wax or other tenacious substance, and as our own legislature, which has re-enacted the common law, has only so far modified the ancient legal method alluded to, as to allow *official* seals to be impressed or stamped upon paper alone, the *private* sealing of a clerk, as contemplated and permitted by the 20th section of the statute respecting courts, must needs continue to be conformed to the original legal definition, the clerk being simply permitted to use his *"private seal"* instead of the *public* one, which was unprovided. The

·5th section of the "act concerning contracts and promises," having no application in a case respecting records, the "*scrawl*" which was affixed to the signature of the clerk cannot be regarded as in any wise imparting the legal authentication of a record, and the reading of such a paper in evidence against the plaintiff in error, was consequently inadmissible and erroneous. The judgment of the circuit court must, therefore, be reversed and the cause remanded.