## YOUNG vs. INGLE & SCRIBNER.

1. A person taking possession of real estate, under a parol contract of purchase, and receiving notice to quit on the same day of, but before the service of a summons upon him, is not guilty of an unlawful detainer, in holding over.

2. A tenancy at will cannot arise, without a grant or contract, denoting permission to occupy.

## ERROR to Marion Circuit Court.

ANDERSON & LIPSCOMB, for plaintiff in error.

1. The court erred in giving defendants instruction.

2. The court erred in refusing plaintiff's instructions.

3. The court erred in overruling motion for new trial.

4. That defendants were tenants at will. Sec. 1st, section of acts, "Frauds and Perjuries." R. S. 1845.

5. That an estate "at will" in lands is the smallest and most insignificant known to the law and can be terminated at any moment by either landlord and tenant. Blackstone, 2nd book, 145-6.

6. That defendants being tenants at will, plaintiffs had a right to possession after giving them reasonable notice to quit. 4 Kent. 115; Blackstone, 2nd book, 145.

7. That the notice given in this case is sufficient.

8. The estate of defendants terminated the instant said notice was served upon them, and from that moment they held over wrongfully and unlawfully. Blackstone, same book and page.

9. That if the notice of plaintiff terminated the estate of defendants and from that moment

they held over wrongfully and unlawfully, then forcible and unlawful detainer is the proper remedy.

10. If this is not the proper remedy, then by means merely of the delay attendant upon the remedy in the circuit court an estate at will becomes as great as an estate for a year, and a travelling stranger, who by consent of the owner gets possession of a house but for a moment, can hold it at least for twelve months, and until a tedious suit is terminated.

11. The defendants being tenants at will, cannot have any interest in the land, are entitled only to emblements, if they have any growing when dispossessed, and to ingress, egress and regress, to cut and carry them away. Blackstone, book 2, p. 146.

BIRCH, J., delivered the opinion of the court.

Upon the trial of this cause, or appeal to the circuit court, it was admitted that the defendants took possession of certain real estate of the plaintiffs, under a parol contract of purchase, and that notice to quit was served upon him on the day of, but before the service of the summons of the justice. There was also testimony to the effect that one of the defendants, declaring that he stood upon his purchase, refused to deliver the possession when thus demanded, alleging (as the witness thinks) that he had been garnisheed for the purchase money. It is deemed unnecessary to copy or remark upon the instructions refused and given by the court. The whole question presented for our consideration confessedly being, whether the action for unlawful detainer, which was resorted to in this case, is within the spirit or design of the statute which authorizes it. The third section being of course the one relied upon, is in these words:

"When any person shall wilfully, and without force, hold over any lands, tenements, or other possessions after the termination of the time for which they were demised or let to him, or the person under whom he claims; or when any person wrongfully and without force, by disseisin shall obtain and continue in possession of any lands, tenements, and other possessions, and after demand made in writing for the delivery of the possession thereof, by the person having the legal right to such possession, his agent or attorney, shall refuse, or neglect to quit possession, such person shall be deemed guilty of an unlawful detainer."

No "disseisin" is of course pretended in this case, and the language of the books now is that a tenancy at will, such as this is assumed to have been by the argument of the counsel for the appellant, and under which, alone, it could be insisted that the defendant, "held over" after the notice that was given, cannot arise without a grant or contract denoting a simple permission thus to occupy. (4 Kent. 112.) The language of the statute seems therefore not sufficiently comprehensive,

either to embrace the facts of the case before us, or to enforce the reme-dy which has been sought. The circuit court, therefore, having committed no error in substantially so deciding, its judgment will be, of course, affirmed.

It may be proper, also, to add, in view of further proceedings in this case, that in an action of ejectment thus determined between Glascock and Robards, in which no privity was established between the tenant in possession and the person with whom the contract for the sale of the premises was originally made, it was held reluctantly under what was felt to be pressure of preponderant authority, that that action was maintainable without any notice to quit. We need scarcely add that we thus allude to the decision in the case more for the purpose of narrowing than enlarging it into a general authority, particularly in cases analogous to the present, in which, as probably already denoted, we deem the action should have been ejectment, without sufficient notice to quit.