CHAS. M. CONNOLLY, Respondent, v. CHAS. R. GOODWIN and others, Appellants.

By the fifth section of the Act concerning Notaries Public, notes are made protestable, and by the tenth section, the protest of a Notary is expressly made evidence of demand, and non-payment of notes as well as bills.

A seal is sufficient, where the impression is made upon the paper only, and not upon wax.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts material to the points decided appear in the opinion of the Court.

*Edward MacKinley*, for Appellant.

*Thompson Campbell*, for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

There are two points made in this case which we will consider— First, that the protest of the Notary is not evidence of demand and

non-payment; and in favor of this position the appellant relies on the law merchant by which a promissory note is not made a protestable security. But this point must have been made for want of acquaintance with the provisions of our Act concerning Notaries Public. By the fifth section of that Act notes are made protestable, and by the tenth section, the protest of a Notary is expressly made evidence of demand, and non-payment or non-acceptance of notes as well as bills.

The next point on appeal relies upon the fact that the seal of the Notary is made by an impression on the paper only, and not upon wax, as it is insisted it ought to be. This position it is urged must be right, because by all the old common law writers a seal is defined to be an impression made on wax, or wax with an impression, and some of the later authorities without regarding the reason of the rule have decided that it should be made in no other way. It is very obvious that at the origin of the doctrine in regard to seals, there existed no other convenient commodity upon which a distinct impression could easily be made. Now, the inventions, discoveries and improvements of modern days have supplied so much better materials and means that it is highly probable that wax is the most inferior and inconvenient substance which can be resorted to for the purpose under consideration. The object of the law was to have a seal, and this was simply a distinct impression. It was the impression or stamp, and not the wax, which gave character to the instrument, and enabled it to be distinguished or recognized. That the constant use of wax for the purpose, through several centuries when no better substance was offered, had identified it as a necessary part of the ceremony, and made it to be mentioned as a part of the the rule at common law is perfectly natural, and not at all surprising. But it must be remembered that there is another rule of the common law, which must be given full effect. *Cessante ratione cessat ipse lex,* was not declared in vain, and can never become obsolete; and if ever there was a question to which this wise rule can and ought to be satisfactorily invoked, that under consideration is surely one, as the design, the intent, the object, of the law is better carried out and more effectively secured; and this opinion as to the intention of the common law, is sustained by Chancellor Kent in his Commentaries, who says, " The

Common Law intended by a seal, an impression upon wax or wafer, or some other tenacious substance capable of being impressed." 4 Kent, 452.

It remains but to add, that the judgment is affirmed.