SWINK et al., Appellants, v. THOMPSON et al., Respondents.

1. A. became the purchaser of land at a sheriff's sale, paid the purchase money, but before the deed was executed he died. The deed should be made to the heirs of A.

2. Under the statute which requires the clerk to affix his official seal to all process issued by him, and "if none be provided then his private seal," (R. C. 1855, p. 338, § 21,) the sealing with his private seal need not be done by an impression on wax or other tenacious substance. A mere scroll affixed to the end of the name is sufficient.

*Appeal from Weston Circuit Court.*

*Price & Waddell,* for appellants.

I. The deed was properly executed to the heirs of Edwin Swink, deceased, as he died before the execution of said deed, and the sheriff could not properly make the deed to any one except to Swink's heirs. The execution under which the said lands were sold was atttested by the clerk of Wright circuit court, with his private seal thereto attached, there being no official seal of said Wright circuit court. The deed being admitted by the parties to be the sheriff's deed, it is not material whether the authentication is properly made out or not, that only being intended as evidence of the execution of the deed, made by the proper officer; the deed being made by the sheriff of Wright county, Missouri, is good between the parties without further evidence of execution.

II. This sealing of writs by private seals is a creature of our statute, and it is nowhere fixed by statute what shall constitute the private seal of the clerk; but whatever he uses as his private seal the law recognizes as such, and this meets the demand of the statute. A sheriff's deed is conclusive against the defendant in an execution and all others of the facts

recited in the deed, (see 1 R. C. 1855, p. 748, § 56,) and when read is sufficient evidence of title to the holder of the deed to recover in an action of ejectment, and the courts will not make the plaintiffs go behind the deed of the sheriff if it is good on its face.

*Knott & Hough*, for respondents.

I. The statute in force when this deed purports to have been made, authorizes the sheriff to make to the purchaser, but to no one else, a deed to real estate sold by him under execution. (R. C. 1855, p. 259.) This deed, therefore, reciting the fact that Edwin Swink became the purchaser, and then purporting to convey the land to parties to whom he had no authority to convey, shows itself to be a nullity upon its face, so of course there was no error in its rejection.

II. There is no evidence that this deed was acknowledged before the circuit court of Wright county. The certificate of the clerk, to be evidence of that fact, must be under the seal of said court, or if no seal had been provided, under his private seal, not a mere scrawl, as appears in this case, but *cera impressa*. (Gates v. The State, 13 Mo. 11.) Nor does it appear upon the deed itself that it had been recorded. A mere endorsement upon the back of it "recorded in book A, p." is no sufficient certificate, and can not be considered evidence of that fact. But independent of the insufficiency of the deed, it is contended that from the record before them this court can not say the court below erred in refusing to set aside the judgment of non-suit, since from every thing appearing of record here, the court clearly had no jurisdiction of the subject matter of the action. (R. C. 1221, § 2.)

EWING, Judge, delivered the opinion of the court.

This was an action in the nature of an action of ejectment to recover possession of certain real estate in Wright county. There was an answer filed, and on the trial the plaintiffs offered to read the deed of the sheriff under which they

claimed title, which was excluded, and they thereupon took a nonsuit and moved to set the same aside, which being overruled, they bring the cause here by appeal.

The record shows that the suit was commenced and the proceedings had in Webster county. It is true plaintiffs' attorney, in his brief, states that the suit was commenced in in Wright and taken by change of venue to Webster, but it does not so appear by the record, nor is the fact admitted by the defendants' attorney. The judgment, therefore, for want of jurisdiction, must be affirmed.

One or two points, presented by the bill of exceptions, though not necessary to be decided as the case is now presented, we deem it not amiss to notice briefly. The sheriff's deed, under which plaintiffs claim title, was objected to because it was made to the heirs of Swink. Swink became the purchaser at the sheriff's sale, but before a deed was executed he died, he having first paid the purchase money, and the plaintiffs, it is conceded, are his only heirs. The deed was properly made to the heirs. (Boone v. Moore, 14 Mo. 426.)

Another objection to admitting the deed in evidence was that the clerk affixed to his signature thereto, as well as to the writs of *fieri facias*, under which the land was sold, a scrawl, and this, it is maintained, is not a seal.

To all process issued by a clerk he is required to affix his official seal, if he have one, or if none be provided, then his private seal. (1 R. C. p. 338.) In this case it is admitted there was no seal of office.

Formerly, in England, wax or some such tenacious substance was no doubt much used, but we do not think it was indispensable; and in this country, especially in this state, we are confident usage and custom have dispensed with it and have sanctioned the use of the scrawl. As to what constitutes a seal by the common law, there has been some diversity of opinion. In the southern and western states generally, we believe, a mere scrawl annexed to the name has been held a seal; and the question has sometimes been

decided in reference to the common law, and in other cases according to local custom or usage. In other states where the adjudications have been different and in accordance with what the common law rule was supposed to be, wax or some such substance has been decmed requisite to constitute a seal ; and such also was the decision of this court in Gates v. The State, 13 Mo. 11.

Chancellor Kent, in Warren v. Lynch, 5 J. R. 244, in holding a scrawl was not a seal, referred to and relied on Lord Cooke's definition, *sigillum est cera impressa, quia cera sine impressione non est sigillum.* He admitted that the law had not declared of what precise materials the wax should consist; and that whether it was wafer or any other paste or matter sufficiently tenacious to receive an impression, was not material. Shepard, in his Touchstone, p. 122, says, if a party seal a deed with any seal besides his own, or with a stick or any such like thing, which doth make a print, it is good, for sealing is *cera sigillo impressa.* (See also 4 Cruise Dig. 27.) From the definition of Lord Coke and the interpretation generally given it by the courts, wax is merely used as a general term to denote any substance capable of relieving and retaining an impression, and as any instrument may be used for the purpose, the impression upon paper itself, without the use of any other substance, would be sufficient. (See Relf v. Gist, 4 McCord, 267 ; Jones v. Long, 1 Wash. 56 ; Bohannon v. Hough, Walker, 461.) If the seal, stick, or other instrument used, be impressed by the party on the plain parchment or paper with intent to seal it, it is clearly sufficient. (1 Sug. Powers, 161, 301.) In McQueen v. Inhabitants of St. Paul Court Garden, 53 Eng. C. L. R. 231, an impression made in ink with a wooden block in the usual place of a seal, was held a sufficient sealing. An impression on parchment or paper with intent to make a seal is sufficient. (Trotter's heirs v. Rose, 3 McLean, 335.) In Whitby v. Davis, 1 Swan, 334, it is said that since wax, by which an actual seal was made, has gone out of use, the courts of nearly all the states have regarded the scrawl as a

substitute for the seal. (See also United States v. Coffin, Bee, 140 ; 13 How. U. S. 473–4 ; 5 Cal. 221 ; ib. 315.)

Judgment affirmed ; Judge Napton concurring. Judge Scott absent.