# CASES DETERMINED

IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

AT A SPECIAL TERM THEREOF, HELD AT WHEELING,
IN THE COUNTY OF OHIO, COMMENCING ON THE
SIXTEENTH DAY OF OCTOBER 1877, AND
ENDING ON THE FIFTEENTH DAY
OF DECEMBER 1877.

---

## HALL v. HALL.

Decided November 17, 1877.

| 12 | 1 |
|----|-----|
| 38 | 645 |
| 12 | 1 |
| 40 | 576 |
| 12 | 1 |
| 43 | 221 |
| 12 | 1 |
| 44 | 640 |

| | 12 | 1 |
|------|----|----|
| 1877. | 48 | 19 |
| Special Term. | | |
| | 12 | 1 |
| e | 51 | 366 |
| | 12 | 1 |
| e56 | 573 | |
| | 12 | 1 |
| d65 | 418 | |

1. Where a judgment or decree of a court of general civil jurisdiction is offered in evidence collaterally in another suit, its validity cannot be questioned, for errors which do not affect the jurisdiction of the court.

2. The seizure of the property of the defendant under the proper process of the court, is generally the foundation of the court's jurisdiction in proceedings *in rem*, and defective or irregular affidavits, though they might reverse a judgment or decree in such case for error, in departing from the directions of the statute, do not render such a judgment or decree, or the subsequent proceedings void.

3. Where there is a valid attachment and levy of the same, a decree of a court of competent jurisdiction, an order or decree of sale, and a sale by a commissioner appointed by the court, and confirmation thereof, with directions to the commissioner to make a deed to the purchaser, and commissioner's deed made to the purchaser, or his assignee by deed, the proceeding cannot be held void when introduced collaterally in another suit; nor can such deed of the commissioner be held void in such other suit, because not made to the purchaser, but, to his assignee by deed, in which the said commissioner was directed by the purchaser to make the deed for the realty to such assignee, if the execution and delivery of such deed of assignment of the purchaser be properly proved, when such deed of the commissioner to such assignee is offered in evidence at the trial, in connection with a copy of the proceedings had in the chancery cause, in which said realty was decreed to be sold, sale made and confirmed, &c. In such case, said deed of the commissioner to such assignee should be admitted as evidence tending to show title in such assignee.

4. Such deed, made by such commissioner to such assignee by deed, passes the whole title and interest in the realty, sold and conveyed, that was vested in the debtor from whence the same was sold by the proceedings in chancery, to such assignee. And especially should it so be held in an action of ejectment, brought by such debtor against such assignee to recover the property so conveyed.

5. It seems that facts, stated in one bill of exceptions, cannot be noticed by an Appellate Court in considering another, except the first bill of exceptions is referred to in the second, &c. and except also, when a bill of exceptions is taken after all the evidence has been submitted to the jury, and it purports to set out all the evidence, the evidence set out in this bill of exceptions may be looked to in considering the question raised in another bill of exceptions, taken in the progress of the trial.

*Supersedeas* to a judgment of the circuit court of the county of Ritchie, rendered on the 30th day of April 1874, in a certain action of ejectment then in said court pending in which Cyrus Hall was plaintiff, and Moses S. Hall was defendant.

The *supersedeas* was allowed upon the petition of defendant below.

HAYMOND, JUDGE, who delivered the opinion of the Court states the case sufficiently.

The Hon. James Monroe Jackson, judge of the fifth judicial circuit, presided at the trial below.

*C. Boggess, C. C. Cole* and *R. S. Blair*, for the plaintiff in error:

1. Where the record of a judgment or decree of a court of general jurisdiction is offered in evidence collaterally in another suit, it cannot be impeached except for the want of jurisdiction in the court that rendered it. And such inquiry is confined to the question whether such court had jurisdiction of the subject matter of the suit, and cannot extend to the question, whether it had jurisdiction in the particular case: *Fisher* v. *Bassett,* 9 Leigh 119; *Cox et al.* v. *Thomas,* 9 Gratt. 328; *Grignon* v. *Astor,* 2 Howard (U. S.) 319; *Voorhees* v. *Bank of U. S.,* 10 Peters 449; *Cooper* v. *Reynolds,* 10 Wallace 308.

2. Where in a suit in equity, or other legal proceeding to sell land, the court appoints a commissioner for the purpose of making such sale, and he makes the same, which is afterwards confirmed by the court, and said commissioner directed to make a deed therefor to the purchaser, he may make such deed to the assignee of the purchaser; and such deed will pass to such assignee all the right, title and interest in and to said land, of the person whose interest is so sold: *Voorhees* v. *Bank of U. S.,* 10 Peters 449; *Blount* v. *Davis,* 2 Devreaux (N. C.) 19; *McLure* v. *Englehart,* 17 Ills. 47; *Frizzle* v. *Veach,* 1 Dana 211; *Summers* v. *Palmer,* 10 Richardson (S. C.) 38; *McElmurry* v. *Ardis,* 3 Strob. (Law S. C.) 212; *Swink* v. *Thompson,* 13 Mo. 336; *Mathews* v. *Clifton,* 13 Smeeds & Marshall 330; *Elinger* v. *Moriarty,* 10 Iowa 78; *Brooks* v. *Radcliffe,* 11 Iredell 321; *Proctor* v. *Farnum,* 5 Paige 614; *Ewing* v. *Higley,* 7 Ohio 198; *Campbell* v. *Baker,* 6 Jones (N. C.) 255.

3. Where the owner of land failed for five successive years, from and after the year 1864, to have his land placed on the books of the proper assessor, and charged with State taxes thereon, and failed to pay said taxes thereon for each of said years, his title thereto became forfeited and vested in the State. And any person who has been in possession of such land for such time, claiming title thereto, and has been charged with such taxes for said years, on the proper assessor's books, and actually paid the same, is entitled to the benefit of such forfeiture : Code of W. Va., (1869) ch. 31, §34 ; Constitution of 1872, art. 8.

4. This forfeiture became perfected without any judgment or decree, or other matter of record: . *Wild's Lessee v. Serpell,* 10 Gratt., 405 ; *Staats* v. *Board,* 10 Gratt. 400 ; *Levasser* v. *Washburne,* 11 Gratt. 572.

*John A. Hutchinson,* for the defendant in error. .

HAYMOND, JUDGE, delivered the opinion of the Court :

This is an action of ejectment brought by the plaintiff against the defendant for the recovery of " about two and seven-eighths acres of land, that is to say, all that certain house and lot of land situate in the town of Harrisville," and described in the declaration by metes and bounds. The action was brought in the circuit court of Ritchie county, and the defendant was served with a copy of the declaration on the 18th day of July 1873. At the August rules 1873, the declaration and notice were returned executed, and filed in the clerk's office. At the same rules the defendant appeared by his attorney and pleaded not guilty. On the 29th day of April 1874, at a term of said circuit court the parties appeared in court by their attorneys ; and thereupon a jury came who were duly elected, tried and sworn according to law. On the 30th day of April 1874, during the same term of the court the jury found " that the plaintiff has title and right to the possession of the prem-

ises said in the declaration mentioned, and bounded as follows, (describing the boundaries in their verdict as given in the declaration) "containing two and seven-eighths acres with appurtenances; and that the plaintiff had title and right to the possession of said premises in fee simple at the commencement of this action; and that the defendant unlawfully withholds from the plaintiff the possession of said premises." Upon the rendition of said verdict the defendant said to the court " that judgment ought not to be rendered upon the said verdict, because the same did not find what estate the plaintiff had therein, and because the same was otherwise not legally obtained." The court thereupon decided that the said verdict was sufficient, and rendered judgment upon said verdict, that the plaintiff recover the premises, possession and estate mentioned and described in the verdict aforesaid, and his costs by him expended; and leave was given the defendant to sue out a writ of possession. Upon the trial of the cause it appears that the defendant tendered his four bills of exceptions, to opinions of the court, numbered respectively, one, two, three and four, which were signed, sealed and made a part of the record. The defendant after the rendition of said judgment obtained from this Court a *supersedeas* thereto; and thus the cause is before us for review and decision, as to whether there is error in the said judgment of the circuit court, for which it should be reversed. The plaintiff in error hath assigned the following errors in said judgment, viz: 1st. The court erred in excluding the deed as evidence of title as set forth in the first bill of exceptions. 2d. The court erred in giving the instruction prayed by the plaintiff as set forth in the second bill of exceptions. 3d. The court erred in giving the instructions set forth in the third bill of exceptions. 4th. The court erred in refusing to give the instructions set forth in the fourth bill of exceptions. 5th. The court erred in overruling the defendants motion in arrest of judgment. As many of these assignments of error will

be considered as may be deemed proper in the condition of the record.

*As to the first assignment of error* : By bill of exceptions number one, it appears that after the plaintiff had given evidence tending to show that he had purchased the land in controversy in 1856, and taken immediate possession thereof under his said purchase, and acquired title to the land in controversy by deed from John P. Harris, commissioner, to him bearing date on the 29th day of May, 1861 ; and that the defendant was in the possession of the said land at the time of the institution of this suit ; and that the plaintiff had held peaceable possession of the said land up to 1864; and that defendant had admitted that he claimed to hold said land under the title of the plaintiff. The defendant offered to give in evidence a deed in the words and figures following, to-wit:

"This deed was made this 23d day of May 1864, between M. P. Amiss, of Wood county, West Virginia and Amelia Hall, of the second part, and Moses S. Hall, of Ritchie county, and State aforesaid, of the third part.

"Whereas on the 23d day of March 1864, a decree was rendered in the circuit court of Ritchie county, West Virginia, confirming the sale of a certain house and lot of land in the town of Harrisville, Ritchie county, State aforesaid, made by the said A. P. Amiss, as commissioner in a certain cause therein pending, in which Alexander Lowther is plaintiff, and C. Hall and others, defendants, at which sale one James M. Stephenson became the purchaser at the sum of two hundred and fifty-six dollars ($256.00). Whereupon he paid cash in hand to said commissioner $51.20 and for the residue of the purchase money, being $204.80, he, with R. S. Blair, executed his two single bills for the sum of $102.40 each payable in six months and twelve months ; subsequently he, the said James M. Stephenson, to-wit: on the 14th day of April 1864, paid off both of said single bills to the said commissioner, and his single bills were delivered up

to him. And on the same day he made sale of the said property to the said Moses S. Hall, and directed the said M. P. Amiss, commissioner, by a writing under seal dated as aforesaid, as follows, to-wit:

*1877.*
*Special Term.*

*Hall*
*v.*
*Hall.*

" I assign to Doctor M. S. Hall the house and lot situated in Harrisville, Ritchie county, purchased by me as the property of Cyrus Hall, in a suit in the circuit court of said county, in the name of A. Lowther against said Cyrus Hall. And I hereby request M. P. Amiss, the commissioner who made sale of said property, to make the said Moses S. Hall the deed for the same.

" Witness my hand and seal the day above written.

" [Signed]          "J. M. STEPHENSON, [Seal.]

." *Now this deed witnesseth*, that the said M. P. Amiss, commissioner as aforesaid and party of the first part, to carry into effect the said sale as aforesaid, made in pursuance of the decree of said court, in said cause, and the direction of the said J. M. Stephenson, in consideration of the premises, and of the sum of two hundred and fifty-six dollars, paid as aforesaid, do grant unto the said Moses S. Hall, his heirs and assigns, the house and lots of land as aforesaid, known as lots Nos. 74, 84 and 85, in the town of Harrisville, Ritchie county, West Virginia, it being the same property that was conveyed to the said Cyrus Hall by deed from John P. Harris, commissioner, bearing date May 29, 1861, and now of record in the Recorder's office of said Ritchie county, West Virginia, in deed book No. 7, page 176, of said office, to which deed reference is hereby made for a more particular description of said property. And the said Amelia Hall, wife of the said Cyrus Hall, party of the second part to this deed, being desirous that the said Moses S. Hall shall have a more perfect title vest in him, for and in consideration of the premises, and the further consideration of five dollars in hand paid, doth hereby sell and convey unto the said Moses S. Hall, all her right, title and interest in and to the above described property,

1877.
Special Term.

Hall
v.
Hall.

and doth release and relinquish all right of dower in said property as the wife of the said Cyrus Hall, unto the said Moses S. Hall, his heirs and assigns forever. And the said M. P. Amiss, as commissioner, warrants specially the property hereby conveyed.

"Witness the following signatures and seals.

"M. P. AMISS,    [Seal].
                *Commissioner.*

"AMELIA HALL, [Seal].

This deed appears to have been duly acknowledged, on the day of its date, by the said Amiss, commissioner, and the said Amelia Hall, wife of Cyrus Hall, before the recorder of the said county of Ritchie, and was, together with the certificate of acknowledgment, duly recorded, then or shortly afterwards. It further appears that the plaintiff offered, in connection with said deed, a copy of a record of the cause of Alexander Lowther against said Cyrus Hall, referred to in said deed, which copy of said record is copied into, and made a part of, said bill of exceptions, and is too extensive to incorporate into this opinion, but reference to such parts of it as are deemed material will be made. It also appears that the defendant, in connection with his offer of said deed, made proof of, or offered to make proof of, the execution of the paper writing by James M. Stephenson, referred to in said deed so offered, to which the plaintiff objected, which said objection the court sustained, and refused to permit the said deed to be given in evidence to the jury, for the purpose of showing title in the defendant under the same, to which judgment of the court the defendant excepted, &c.

It is argued before us, by the counsel of the defendant in error, that the circuit court did not err in refusing to permit the said deed to be given in evidence to the jury, for the purpose of showing title in the plaintiff in error: 1st. Because it does not appear by the record that the circuit court had jurisdiction to decree

the sale of said realty in said chancery cause. And 2d. That the defendant's (Moses S. Hall) deed, made by commissioner Amiss under the said decree, confirming said sale to Stephenson, is void, because the decree confirming the sale directed the commissioner, Amiss, to make the deed to the purchaser of said realty, and the said deed offered in evidence is not made to the purchaser, James M. Stephenson, as directed by the decree, but to defendant, Moses S. Hall.

I will first consider and determine whether the circuit court of the county of Ritchie had jurisdiction to make said decrees of sale and confirmation, and direction to said commissioner Amiss to make a deed to the purchaser. It seems to me that the sale of said realty, made by said commissioner Amiss, and referred to in said deed, was made by him under and by virtue of the decree of said circuit court, made on the 21st day of November 1863, in the cause of said Alexander Lowther, Jr., against Cyrus Hall, Robert W. Lowther, administrator of John A. Lowther deceased, Franklin Maxwell, executor of Lewis Maxwell deceased, Wm. T. Williams, D. Boughner, Jr., James H. Cross, J. M. Kimberley, S. C. Hall, B. Wood, Ellen Wood and the Northwestern Bank of Virginia, which was commenced on the 13th day of April 1863. The proceedings had in said cause are made a part of the record by said bill of exceptions number one, and are copied therein. In this case the plaintiff in error was proceeded against as a non-resident of the State. It appears that on the day said cause was commenced, the plaintiff therein made and filed with the clerk of the court, and in the cause, an affidavit and bond in the penalty of $800.00, to obtain an order of attachment. And the clerk of said court indorsed on the writ or summons issued in the cause, an order of attachment directing the "sheriff of Ritchie county to attach any real estate belonging to the defendant, Cyrus Hall, or any debts due to him within the county of Ritchie, or so much

thereof as will be sufficient to pay complainant's claim of $331.88, with interest thereon from the 10th day of October 1862, and the costs of this suit.

"Teste:         Wm. H. Douglass, *Clerk.*"

It appears that upon the writ or summons the sheriff of Ritchie county made return, that he executed the same "on Cyrus Hall by delivering a copy thereof to his wife, and explaining the purport of the same to her at his usual place of abode, he not being there then found, on the 30th day of May 1863 ;" and also that by virtue of the attachment he levied the same on the 30th day of May, 1863, upon the following property of " the within named Cyrus Hall, to-wit: the house and lots in the town of Harrisville, known as lots Nos. 74, 84, and 85. " On the day said suit was brought, to-wit : the 13th day of April, 1863, it appears that said Lowther, Jr. made oath before the clerk of said circuit court, that said Cyrus Hall was a non-resident of the commonwealth of Virginia. And at the rules held in the clerk's office of said circuit court, on the first day of June 1863, an order of publication was made in said cause by the clerk against said Cyrus Hall and others, defendants therein, as non-residents of the State, the said Lowther, Jr., filed his bill in said cause, in which he set up his claim against said Cyrus Hall, &c. In the said decree of sale rendered in said cause on the 21st day of November 1863, it is re-cited " the order of publication in this cause having been duly executed as to the absent defendants, and the process duly executed on the home defendants, and they still failing to appear, and the cause having been regularly set for hearing at the rules, &c. " In said decree the said court decreed that said Lowther, Jr., recover against said Cyrus Hall the sum of $313.81, with interest thereon from the 10th day of October 1862, until paid and the costs of the suit; and also decreed the sale of the said house and lots of land " mentioned and levied upon under said attachment, (which is before referred to in said de-

cree) and described in a deed from John P. Harris, commissioner, filed in the cause, marked Exhibit A," &c., unless said debt, interest and costs were paid within sixty days from the date of the decree ; and in and by said decree appointed M. P. Amiss, commissioner, to make said sale prescribing in the decree the terms of sale, &c. It further appears by the decree of said circuit court made and entered on the 23d day of March 1864, that the said commissioner, Amiss, made to the court his report of the sale of the house and lots of land, which he was directed as commissioner by the former decree of sale to sell, and in said report commissioner Amiss states and reports that pursuant to said former decree, on the 18th day of March 1864, he sold said house and lots of land (describing them) and that at such sale James M. Stephenson became the purchaser at the sum of $256.00 when he paid in cash $51.20, being twenty per cent of the purchase money, leaving $204.80, for which he executed two single bills of $102.40 each,with R. S. Blair, his surety, payable in six and twelve months, with interest from date. This report of sale of said commissioner, Amiss, the court by its said decree confirmed in all respects, and directed commissioner Amiss to withdraw the said single bills and collect the same as they became due, and further directed said commissioner Amiss to make, execute and deliver to the said James M. Stephenson, the purchaser, a deed of conveyance with special warranty for said house and lots, &c.

This suit in chancery against said Cyrus Hall and others is based upon the 11th section of chapter 151 of the Code of Virginia of 1860, which was in force at the time of its commencement and until after the confirmation of said sale, and also the second section of the act of the legislature, passed at Wheeling on the 10th of February 1862. The bill in said chancery cause expressly alleges facts against said Hall as to his absence, &c., which if true, said second section authorized the said Cyrus Hall to be proceeded against by attachment

or otherwise, as provided for by law against non-residents. The third section of said act of 1862, page 58, provides that "in proceedings under this act, the affidavit required may be in the form now provided by law in attachments against non-residents." Section 11 of chapter 151 of the said Code of 1860 is substantially the same in its provisions as the act of the General Assembly of Virginia, passed April 3, 1852. See acts of 1852, pp. 78, 79. In the case of *O'Brien et al.* v. *Stephens et al.*, 11 Gratt. 610, it was held : " 1. The act of April 3, 1852, Session Acts 1851-2, chapter 95, section 1, p. 78, gives a remedy in a court of equity to a creditor against his absent debtor, where the debtor has estate or debts due to him in the county or corporation where the suit is brought. 2. The affidavit required by our statute to authorize a creditor to sue out attachment against the effects of an absent debtor, may be made either before or after the bill is filed. 3. When the court has properly taken jurisdiction of a cause against an absent defendant, it must proceed to give relief according to the principles of equity. 4. If an absent defendant does not appear in the cause, there cannot be a personal decree against him ; but the attached effects can alone be subjected," &c.

The objections taken to the proceedings in the chancery cause and the attachment therein are substantially, 1st, that the affidavit, on which the attachment was issued by the clerk, was defective; and 2d, that there was no publication and posting of notice against the absent defendants including said Cyrus Hall, as required by the statute. If we were sitting here, as on an appeal from the decrees of the circuit court, rendered in said cause, under which the house and lots were sold and the sale confirmed, we might perhaps consider whether there were irregularities in said decree and other proceedings had in said chancery cause, for which said decree should be reversed and set aside in whole or in part. But we do not occupy that position. The record of the proceedings in said chancery cause is

introduced collaterally as evidence of title in another suit, between other parties, and before a court which had no jurisdiction or authority to reverse or set aside these decrees and proceedings, however erroneous they may be. Nor can these decrees be disregarded or refused effect on any other ground than a want of jurisdiction in the court which rendered them. It avails nothing therefore to show, that there are errors in the record of the proceedings in said chancery cause, unless they be such as prove that the court had no jurisdiction or that the decrees rendered were beyond the power of the chancery court. *Cooper* v. *Reynolds*, 10 Wallace 308, 315 and 316, and the numerous authorities there cited, including the case of *Voorhees* v. *Bank of United States*, 10 Peters. 449; opinion of Judge Lee in *Baylor's lessee* v. *Dejarnette*, 13 Gratt. 172, 173; *Fisher* v. *Bassett et al.*, 9 Leigh 119; *Smith* v. *Henning*, 10 W. Va. 596; *Lancaster* v. *Wilson*, 27 Gratt. 624. It is proper to inquire, in the present case, whether the errors alleged affect the jurisdiction of the court. The circuit court of the county of Ritchie, in which the equity proceedings were had, was a court of general civil jurisdiction; to which was added the power to entertain bills against non-residents, and issue writs of attachment therein, and order the sale of the property attached, and apply the proceeds of sale to the payment of the debts of the absent debtor. The 11th section of said chapter 151 of the Code of 1860, is as follows, viz: "A claim to any debt or to damages for breach of any contract against a person, who is not a resident of this State, but who has estate or debts due him within the same, may, if such claim exceed twenty dollars exclusive of interest, be maintained in a court of equity for a county or corporation, in which there may be any such estate or a defendant owing any debt to such non-resident. When a person has such claim, or when a person claims to be entitled in equity to any money or property from a person, against whom and for which an attachment might be sued out of a clerk's office, if the claim were recover-

1877.
Special Term.

Hall
v.
Hall.

able at law, there may be an affidavit, according to the nature of the case, conforming as near as its nature will admit, to what is specified in previous sections; and such affidavit may be at the time of, or after the institution of the suit. Upon such affidavit, the plaintiff may require the clerk to endorse on a summons an order to the officer to whom it is directed, to attach the specific property (if any be mentioned in the affidavit), and the debts' due, or to become due by other defendants (if any), to the defendant against whom the claim is, and also any other estate of that defendant, whether in his own hands or the hands of other defendants. Any attachment under this section shall be executed in the same manner, and shall have the same effect as at law; but proceedings therein shall be the same as in other suits in chancery. And the court, or in the vacation thereof, a judge of a circuit court, may interfere by injunction, or the appointment of a receiver, or otherwise, to secure the forthcoming of the specific property sued for, and so much other estate as will probably be required to satisfy any future order or decree that will be made in the cause."

By virtue of the general civil jurisdiction of said circuit court, and said section 11 of chapter 151, no objection can be made to its jurisdiction over the case, the cause of action or the property attached. The process adopted was that prescribed by law; the court decreed a sale of the house and lots, which was executed; and on the return of the report of sale by the appointed commissioner, the same was confirmed. These were the judgments or decrees of a court of competent jurisdiction on all the acts preceding the sale, affirming their validity in the same manner as its judgment or decree had affirmed the existence of a debt. There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done till the contrary appears; the rule applies as well to every judgment or decree, rendered in the various stages of its proceedings from the initiation to their completion, as

to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of its record, which thenceforth proves itself, without referring to the evidence on which it has been adjudicated: *Voorhees* v. *The Bank of the United States*, 10 Peters. 449, 471; *Cooper* v. *Reynolds*, 10 Wall. 308; *Craig* v. *Sebrell*, 9 Gratt. 131; *Baylor's lessee* v. *Dejarnette*, 13 Gratt. 172, 173; *Fisher* v. *Bassett*, 9 Leigh 119; *Smith* v. *Henning*, 10 W. Va. 596; 27 Gratt. 624. "By jurisdiction over the subject matter is meant the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred. Jurisdiction of the person is obtained by the service of process, or by the voluntary appearance of the party in the progress of the cause. Jurisdiction of the *res* is obtained by a seizure under process of the court, whereby it is held to abide such order, as the court may make concerning it. The power to render the decree or judgment, which the court may undertake to make in the particular cause, depends upon the nature and extent of the authority vested in it by law, in regard to the subject matter of the cause." In this class of cases, on what does the jurisdiction of the court depend? It seems to me that the seizure of the property, or that which in this case is the same in effect, the levy of the attachment on it is requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem*:" *Cooper* v. *Reynolds*, 10 Wall. 319 and 10 Peters. 449. If the writ of attachment is the lawful writ of the court, issued in proper form by the clerk of the court, and if it is by the proper officer levied upon property liable to the attachment, when such a writ is returned into court, the power of the court over the *res* is established. The affidavit is the preliminary to issuing the writ. It may be a defective affidavit, or possibly the officer whose duty it is to issue the writ, may have failed in some manner to observe all

the requisite formalities; but the writ being issued and levied, the affidavit has served its purpose; and though a revisory court might see in the case some such departure from the strict direction of the statute, as would be sufficient error to reverse or set aside the judgment or decree, we are unable to see how that can deprive the court of the jurisdiction acquired by the writ of attachment levied upon the defendant's property. 10 Wall. 319; 10 Peters. 449. No question as to the sufficiency of publication and posting of the order of publication can arise here, as the said decree of sale of the 21st day of November 1863 ascertains and recites, that "the order of publication in this cause having been duly executed as to the absent defendant," &c. *Craig* v. S*ebrell*, 9 Gratt. 131. I have considered this question as though process had not been served on Cyrus Hall; but it would seem from the return of the officer, that process was served after the commencement of the suit in chancery in the manner before stated; but whether this is the fact or not is immaterial under the foregoing views of the case. For the foregoing reasons I think the chancery court had jurisdiction in said cause to make said decree of sale and to confirm the report of sale, and direct a deed to be made to the purchaser as was done. The next question to be determined is, should the court have admitted said deed as evidence in connection with said chancery record, on proof made to it of the execution of the paper writing by James M. Stephenson, referred to in the said deed of commissioner Amiss and Mrs. Hall to said Moses S. Hall.

The counsel for the plaintiff, Cyrus Hall, insist that the said deed is void because not made to the purchaser (James M. Stephenson) of the house and lots aforesaid, but to the defendant (Moses S. Hall). This presents a question of interest and importance and one upon which there is some conflict of authority. The counsel for the plaintiff in support of his position that said deed is void for the reasons aforesaid cites the following authori-

ties, viz : *Walton* v. *Hale,* 9 Gratt. 174 ; *Evans* v. *Spurgon*
6 Gratt. 107 ; *Hitchcock* v. *Rawson,* 14 Gratt. 532 ; *Proc-*
*ter* v. *Farnham,* 5 Paige 614 ; 2 Daniel Ch. Prac. 4
Am. ed. 1285, 1464 ; 6 Vesey 515 ; 6 Vesey 615 ;
Den on Demise, &c. ; *Gershom* v. *Lambut,* 1 Green's New
Jersey Law Reports p. 182. Some of these authorities
bear strongly on the question, and apparently sustain the
view of plaintiff's counsel. I have not space to analyze all
these authorities, and state to what extent each applies
or does not apply to the case before us. The principle
announced in some of them does unquestionably apply
favorably to the position taken by the plaintiff's counsel
that the deed is void because made to another than the pur-
chaser. But the cases above cited, in my judgment, are
in some material particulars unlike the one before us.

In the case of *Walton* v. *Hale,* 9 Gratt. 194, it was
held by the court, that a commissioner for the sale of
delinquent lands conveys under a power ; and a deed
executed by him to other persons than those reported
by him to have been the purchasers of the land,
can avail nothing, where his authority to make
it does not appear, unless there has been such a long ac-
quiescence of possession under the deed as to justify a
presumption in its favor. Judge Allen delivered the
opinion in this case, and on careful perusal of it I do not
feel authorized to conclude, that if it had appeared in
the case that the purchasers from the commissioner of
delinquent lands, had after their purchase by their deed
assigned their interest in the property purchased, and
directed such commissioner to make the deed for the
land purchased to the person or persons, which he did in
accordance with said deed and its directions, that it would
have been held by him in that case, that proper authority
for the making of the deed to other than the purchasers,
did not appear, and that the deed was void.

In the case of *Hitchcock* v. *Rawson,* 14 Gratt. 526, the
question before the court was, whether a deed made by a
commissioner of delinquent lands to a person other than

the purchaser in pursuance of an order of the court, made on petition, was valid; and the court held, that such deed so made was valid, and must be so considered in a collateral proceeding. It seems to me on examination of these cases, that the question under consideration before us and the authorities bearing thereon were not very elaborately considered. There seems to be no doubt that a deed made to a person other than the purchaser, after confirmation of the sale in pursuance to an order of the court, in which the case is pending, made after the confirmation of the sale, is valid and passes the legal title, and will be so considered and held in any collateral proceeding in which the validity of such deed is brought into question. See said case in 14 Gratt. 526. *Procter* v. *Farnham*, 5 Paige Ch. R. 614. Rorer on Judicial Sales, §369, page 145.

It seems to me after examining all the authorities I have been able to find bearing on the subject, that on principle, and upon the weight of authority the deed in question in the case before us, on proper proof being made of the execution and delivery of the said paper writing by said James M. Stephenson, referred to in said deed from commissioner Amiss to the defendant, (Moses S. Hall) should have been allowed by the circuit court to have gone to the jury in connection with the record of said chancery proceedings as tending to show title to the house and lots of land in controversy in this suit, in the defendant, Moses S. Hall, as against the plaintiff.

I am further of the opinion, if said James M. Stephenson, the purchaser, after the sale to him by said commissioner Amiss, and the confirmation of such sale as made to him, did make and deliver the paper writing referred to in said deed from said commissioner to the defendant, (Moses S. Hall) and the said commissioner in pursuance of the provisions and directions of such paper writing, and in accordance therewith, made said deed conveying said house and lots of land to the defendant, Moses S. Hall, that such deed is valid, as between said Moses S

Hall and Cyrus Hall, and passed to said Moses S. Hall whatever title to said house and lots of land was in Cyrus Hall, and that said commissioner in so conveying said house and lots of land to the defendant, Moses S. Hall, did not violate or depart from the true spirit and meaning of said decree, confirming said sale to said James M. Stephenson, and directing such deed to be made to said Stephenson, the purchaser; and if the conveyance was in fact, improperly made, application to correct it, should be made by the purchaser to the court of equity, which made the order for the conveyance; this is a question between the purchaser at the sale, the commissioner and his grantee, Moses S. Hall. The making of the deed by the commissioner to the purchaser at the sale, upon payment of the purchase money, is a provision in the decree of confirmation for the benefit of the purchaser; and I therefore think that a conveyance made by the commissioner, in pursuance of the deed of the purchaser, and in accordance with the directions therein, is made for his use and benefit and is valid, though such deed is made by the commissioner to a person other than the purchaser. If said James M. Stephenson made the paper writing, referred to in the deed of said commissioner, assigning the house and land purchased by him as the property of said Cyrus Hall, at the sale of said commissioner, and directing such commissioner to make to defendant, Moses S. Hall, the deed for the same, and said commissioner accordingly so did, then the case is the same in effect, as if said James M. Stephenson had united with said commissioner in a conveyance for said house and lots of land to the defendant, Moses S. Hall; and in such case, it seems to me, the deed must be held valid in this suit, and to pass the title of plaintiff, Cyrus Hall, so far as any title remained in him after the decree confirming the sale: *Voorhees et al.* v. *Bank of the United States,* 10 Peters. 449, 463, 478, 479; *Campbell* v. *Baker,* 6 Jones's Law (N. C.) 255, 257; *Bank of Virginia* v. *Clarren & Storrs,* 7 Hill (N. Y.) 91, 94; *Swink et al.* v. *Thompson et*

*al.,* 31 Mo. 336, 338 ; *Boone* v. *Moore,* 14 Mo. 426 ; *Davis* v. *McVickers,* 11 Ill. 327 ; *Ehleringer* v. *Moriarity,* 10 Iowa 78 ; *McElmurry* v. *Ardis,* 3 Strob. Law 212 ; *Frizzle et al.* v. *Veach,* 1 Dana (Ken.) 212 ; *McLure* v. *Engelhardt,* 17 Ill. 47 ; *Blount* v. *Davis,* 2 N. C. (Devereux) 19 ; *Brooks* v. *Radcliff,* 11 Iredell (N. C.) 321, 323, 324 ; *Sumner et ux.* v. *Palmer,* 10 Rich. (N. C.) 38 ; Rorer on Judicial Sales, §370, p. 145, §§764, 765, 767.

Under the authorities above cited, and upon principle, I am unable to see satisfactory reasons why a commissioner, appointed by a chancery court, with directions to make a deed for lands to the purchaser, cannot properly and ligitimately make the deed to the purchaser, or his assignee by deed. As before stated, it seems to me to do so is but carrying out the true spirit, intent and meaning of the decree, and such practice would save great and useless expenditure of money, time and trouble in many cases. I think however the most prudent course for the grantee would be to procure his title in the ordinary way, so that all papers necessary to establish his title may be recorded, and not merely rest and depend upon oral testimony and the preservation or loss of an essential paper. As to whether the deed is made by the commissioner, whether to the purchaser or his assignee in fact or law, is wholly immaterial to the debtor whose land is sold ; it is a matter of no concern of his as to whether it is made to the purchaser or his assignee. For the foregoing reasons I am of opinion that the circuit court erred in not permitting said deed from commissioner Amiss to the defendant Moses S. Hall, to go to the jury in connection with the copy of the record of the proceedings in said chancery cause, upon proper proof of the execution and delivery of the paper writing by James M. Stephenson, referred to in said deed and which purports to be copied therein, as tending to show title to the house and lots in controversy in the defendant Moses S. Hall as against plaintiff Cyrus Hall ; and such proof should have been received and allowed by the circuit court.

I have carefully examined the second, third and fourth bills of exceptions in the cause; and I find that in the second bill of exceptions no reference is made to the first, or any other bill of exceptions. The third bill of exceptions does refer to the second and first. It has been repeatedly decided by the court of appeals of Virginia that facts stated in one bill of exceptions cannot be noticed by an appellate court in considering another, except the first bill of exception should be referred to in the second, &c., and except also when a bill of exceptions is taken after all the evidence has been submitted to the jury, and it purports to set out all the evidence, it seems that the evidence set out in this bill of exceptions may be looked to in considering the question raised in another bill of exceptions taken in the progress of the trial. *Brooke* v. *Young*, 3 Rand. 106 ; *Crawford &c.* v. *Jarrett's adm'r* 2 Leigh 639; 9 Gratt. 649; 1 vol. of Robinson (old) Prac. 346, 347. In the second bill of exceptions the facts are too imperfectly stated to enable this Court to form a correct decision as to the relevancy or correctness of the instructions given ; and the second instruction given is so ambiguously expressed, that with the facts stated in the bill of exceptions, the import and bearing of the instruction as given cannot be collected with sufficient certainty to enable this Court to judge of its correctness or merits. Much of what has been said as to the questions involved, or attempted to be raised by the said second bill of exceptions, applies to the third, and also to the fourth bill of exceptions as to the refusal of the court to give the instruction asked by the defendant, and refused. The instructions asked by the fourth and last instruction, and refused by the court, are perhaps not subject to the objection of ambiguity, but the state of facts is too imperfect to enable this Court to form a correct decision upon the instruction asked for and refused, and whether the court erred in refusing to give such instruction to the jury. *Brooke* v. *Young*, 3 Rand. 106 ; *Beattie* v. *Tabb's adm'r*, 2 Munf. 254 ;

*Thompson* v. *Cumming*, 2 Leigh 321 ; *Fitzhugh* v. *Fitzhugh*, 11 Gratt. 300. In the condition, in which said second, third and fourth bills of exceptions are brought before us, I do not consider it proper, under the authorities above cited, that we should now undertake to decide any question involved or raised, or attempted to be involved in the instructions, or any of them given or refused by the court, recited in either of said bills of exceptions, or to decide upon their merits, in whole or in part. As this cause, under the views I have already given, must be remanded to the circuit court for a new trial, there to be had, no injustice will be done either of the parties thereto, by this Court now refusing to attempt to pass upon the merits or relevancy of the instructions given and refused ; but I can readily see how an opposite course might be productive of injury, and the court be misled.

For the foregoing reasons there is error in the judgment of the circuit court of the county of Ritchie, rendered in this cause on the 30th day of April 1874, and the same must be reversed and set aside and annulled ; the plaintiff in error, Moses S. Hall, recover against the defendant in error, Cyrus Hall, his costs in this Court expended. And this Court proceeding to render such judgment in the cause, as said circuit court should have rendered, the verdict of the jury heretofore rendered in this cause is set aside, and a new trial is awarded, the costs of the former trial to abide the event of the suit. And this cause is remanded to the said circuit court of Ritchie county, for such further proceedings therein as are in accordance with the principles settled by this opinion, and further according to law.

The other Judges concurred.

JUDGMENT REVERSED, verdict set aside and new trial awarded.