# CHARLESTON.

## HALL v. HALL.

Submitted February 2, 1886.—Decided February 13, 1886.

1. Where land has been sold at a judicial sale, the sale confirmed, and a conveyance made by the consent of the purchaser to his assignee, who has entered into actual possession of the land under such conveyance, and has so held the same for more than ten years, and afterwards the decrees ordering and confirming the sale, the conveyance made in pursuance thereof, and the sale itself has been declared invalid and set aside, the possession of the assignee of such purchaser under such sale and conveyance is not adverse to the title of the owner of the land. (p. 479---480.)

2. In such a case the title of such assignee entering into and holding possession of said land, so sold at such judicial sale, is in privity with the title of the owner of the land. (p. 480.)

3. If in such case, the assignee of such purchaser in posession of the land so purchased, during the time he holds possession thereof, places the land in his own name on the land-books of the assessor of the proper county, and the same is assessed with the taxes chargeable thereon, and pays the same; and if during the same period, the land has been omitted from said land-books in the name of the owner, and he has paid no taxes thereon;—the payment of such taxes by such assignee inures to the benefit of the owner, and his title will not be forfeited, for omitting the land from the land-books, or for not paying the taxes on the land in his own name. (p. 481.)

4. In an action of ejectment a party who relies upon his adverse pos session of the land in controversy under color or claim of title, will on trial be required to show, on what color or claim of title he relies, and also that his adverse possession of the premises in controversy has continued unbroken for the full period of ten years before the institution of the suit. (p. 480.)

C. Hall and James Hutchinson for plaintiff in error.

R. S. Blair for defendant in error.

WOODS, JUDGE:

This was an action of ejectment in the circuit court of Ritchie county, commenced at August rules, 1873, by Cyrus Hall against Moses S. Hall, to recover a certain house and lot in the town of Harrisville, in which he claimed an estate

in fee simple.    The case was tried by a jury, and a verdict
and judgment rendered in favor of the plaintiff on April 30,
1874, which was afterwards reversed on writ of error by this
Court in 1877, and remanded to the circuit court for a new
trial.    See *Hall* v. *Hall*, 12 W. Va. 1.    At the first trial the
defendant claimed title to the premises·in controversy under
a deed dated May 23, 1864, made to him by M. P. Amiss, a
special commissioner appointed for that purpose by a decree
of that court made on, March 23, 1864, in a chancery suit
then pending therein, wherein Alexander Lowther was plain-
tiff and Cyrus Hall and others were defendants, and of-
fered to read the same in evidence to the jury, which the court
rejected, and for this error the judgment was reversed. This
deed at full length appears in the report of the case in 12 W.
Va., *supra*. The suit of *Lowther* v. *Hall*, *&c.*, was commenced
on April 13, 1863, and the final decree therein confirming the
sale of the house and lot in controversy, and appointing com-
missioner M. P. Amiss, and directing him to convey the
same to Moses S. Hall, was rendered on March 23, 1864.
The plaintiff being one of that class of persons who could
not truthfully make the affidavit prescribed by sec. 27, of ch.
106 of the Code, on September 13, 1873, filed his bill of re-
view, to reverse the orders and decrees of the circuit court of
Ritchie county, rendered in the cause of *Lowther* v. *Hall*, *&c.*,
for errors apparent upon the face of the record, upon which
such proceedings were had, that the bill of review was on
May 6, 1879, dismissed.    From this last decree Cyrus Hall
obtained an appeal to this Court.    Upon the hearing thereof,
this Court reversed the decree of May 6, 1879, dismissing the
bill of review, and declared that the sale of the plaintiff's
house and lot had been made without any legal authority,
and must be set aside, and that the decree of March 23, 1864,
confirming the sale, and directing the commissioner to con-
vey the property to the purchaser was erroneous, and must
be set aside and that the deed made to the defendant by com-
missioner Amiss, dated May 23, 1864, was invalid and must
also be set aside, and remanded the cause to the circuit court
of Ritchie county for further proceedings there to be had
therein according to the principles announced in the opinion
of this Court. *Hall* v. *Lowther*, 22 W. Va. 570.    On Feb-

ruary 25, 1885, the case was again tried by a jury, and a verdict was rendered in favor of the defendant, and the plaintiff moved the court to set the same aside and grant him a new trial, which motion the court overruled, and rendered judgment on the verdict in favor of the defendant. During the trial the plaintiff asked the court to give ten several instructions to the jury, all of which it refused to give and the plaintiff excepted. In lieu of the instructions asked for by the plaintiff the court gave to the jury an instruction prepared by himself, to which the plaintiff again excepted as he did to the refusal of the court to set aside the verdict and grant him a new trial.

From this judgment the plaintiff has obtained a writ of error, and he has assigned three grounds of error in said judgment:

First.—In refusing to give to the jury the ten several instructions asked for by the plaintiff.

Second.—In giving in lieu thereof the instruction prepared by the court.

Third.—In overruling the plaintiff's motion to set aside the verdict, and grant him a new trial.

From the evidence introduced on the trial as certified in the first bill of exceptions it appears, that at the time the action was commenced Moses S. Hall was in possession of the premises in the declaration mentioned, and had been in possession thereof from April 14, 1864, and that the plaintiff had derived title thereto in 1856, under and by virtue of decrees of the circuit court of Ritchie county in a certain chancery suit determined in that court wherein John Starr was plaintiff and Thomas Stinchcomb and others were defendants; that he took possession thereof in 1856 and occupied the same with his family until the spring of 1864, when the same was sold by commissioner Amiss under the decree in the case of Lowther against him and others, to James M. Stevenson, who on April 14, 1864, transferred the benefit of his purchase to Moses S. Hall, to whom the court directed Amiss to convey the same, as he did by his deed of May 23, 1864; that the defendant Moses S. Hall entered into the possession of the premises in the declaration mentioned under and by virtue of the decrees, orders and proceedings, and under the

deed made to him by commissioner Amiss dated May 23, 1864, and has continued to hold the same under the title so derived by him from that time until the present, and that he has never at any time since claimed or pretended to claim the same under any other claim or color of title, excepting only that, as the premises in controversy had been wholly omitted from the land books of the assessor of that county in the name of the plaintiff for the years from 1865 to 1871 both inclusive, and during these years it was entered upon said land books in the name of the defendant who paid the taxes thereon during that period, he claimed that by reason of such failure of the plaintiff to enter said property on the land books, and pay the taxes thereon, his title, if any he had, had been forfeited to the State, and had vested in the defendant, and that these facts, coupled with his long continued possession of the premises, and his payment of taxes thereon, vested in him good title to the premises in controversy. It was further proved by the testimony of the defendant who was examined as a witness on his own behalf, that his wife entered into possession of this property in the spring of 1864; that when he returned home in June, 1864, his wife who had made the transaction was in possession of it; "that he claimed the property under the deed of M. P. Amiss, commissioner, and that he had thought that his title was good; that he did not know that he had any other title at that time, but he claimed it since under another title," but he did not state what that title was, or the nature of it, or offer in evidence any claim or paper-title, but he stated "it had been inclosed under fence from 1865 to the present time claiming it as his own under claim of title adverse to the plaintiff and had paid the taxes ever since 1865, and that he had been in the exclusive and continuous possession of the same from 1865 until the present time claiming adversely to the plaintiff." Copies of the record of the proceedings in the chancery suit of *Lowther* v. *Hall, &c.,* and upon the bill of review, and of the mandate of this Court, reversing the decree of the said 6th of May, 1879, and also of the proceedings in the chancery suit of *John Starr* v. *Thomas Stinchcomb and others,* in the circuit court of Ritchie county under which, and the deed made in pursuance thereof the plaintiff derived

title in 1856, of the premises in the declaration mentioned, were introduced and offered in evidence on the trial, accompanied with proof of the fact that the plaintiff entered into possession of said premises, and occupied the same, as the residence of himself and family from 1856, to the time when the same was sold by commissioner Amiss under the decree of March 23, 1864.

The following are the instructions asked for by the plaintiff which the court refused to give, and also the instruction prepared and given to the jury by the court:

## " No. 1.

"If from the evidence in this case the jury believe that the defendant, M. S. Hall took possession of the property in controversy, in this suit under the proceedings of the chancery suit of A. Lowther, had in the circuit court of Ritchie county, against the plaintiff Cyrus Hall and others, and that the claim of title under which said M. S. Hall entered into the possession of the property in controversy, was, by the decision of the Court of Appeals of the State of West Virginia, rendered in Nov., 1883, in the said case of Cyrus Hall, against A. Lowther and M. S. Hall declared to be invalid and set aside. And it they shall believe from the evidence in this cause that the said M. S. Hall has shown no title in himself, or any other person, other than that derived from the deed dated May 23, 1864, by M. P. Amiss to said M. S. Hall, that then, the said defendant is estopped from disputing the title of the plaintiff, Cyrus Hall in this action."

## " No. 2.

"The jury is instructed that if they believe from the evidence, that the defendant claimed to hold the possession of the land in controversy, by virtue of the proceedings in the chancery suit of A. Lowther vs. the plaintiff, Cyrus Hall, had in the circuit court of Ritchie county, and under the deed of M. P. Amiss in said chancery cause proceedings mentioned, that the failure of the plaintiff, Cyrus Hall, to cause the land to be entered on the assessor's books of Ritchie county, for the year 1865 to the year 1874 inclusive, does not work a forfeiture of his title, so as to defeat his right to recover the land in controversy in this suit, because the land was assessed on the assessor's books of the county of Ritchie,

in the name of M. S. Hall, and taxes paid thereon by him for the years 1865 to 1874 inclusive, under his claim of title derived from the deed made by M. P. Amiss, commissioner, to the said M. S. Hall.

### No. 3.

" If the jury believe from the evidence that Cyrus Hall, the plaintiff, went into the possession of the property embraced in this action, in 1856, under his purchase and deed from commissioner John P. Harris and held the possession of the same up to 1864, claiming the same under said title, and if they further believe that M. S. Hall, the defendant, went into possession of the same under the purchase and deed made by M. P. Amiss, commissioner, under the decree made in the case of Alexander Lowther against Cyrus Hall *et al.* and paid the taxes on the same from 1865 to 1874, inclusive, then the jury are instructed that the failure of Cyrus Hall, the plaintiff, to have the same placed on the commissioner's books of the county of Ritchie from 1865 to 1874 and have the same charged with the taxes thereon in his name and pay the same that then the failure of the plaintiff to have the same so charged, is no bar to the plaintiff's right to recover in this action.

### No. 4.

" The jury is instructed, that if from the evidence in this cause they believe the defendant took possession of the house and lot of land described in the plaintiff's declaration in the year 1864, and claimed the same by virtue of the proceedings in a chancery suit instituted by A. Lowther against Cyrus Hall and others in the circuit court of Ritchie county, on April 13, 1863, and also under a deed of conveyance made by the commissioner M. P. Amiss, in said cause to M. S. Hall, the defendant in this cause, then the defendant held the land and premises, and title to the same, in privity with the title of the plaintiff in this suit claiming the same under the same source of title. And if either the plaintiff or the defendant caused the land to be entered on the assessor's books of the proper county, and paid the taxes on the same, there can be no forfeiture of the property, either for a failure to enter the land on the assessor's books, or for a failure to pay the taxes thereon, as the State is not entitled to double

taxes on the same land, claimed by one or more persons under the same title."

" If the jury believe from the evidence that the land in controversy is the same land purchased by Cyrus Hall in 1856, and conveyed to him by deed dated May 29, 1861, by John P. Harris, commissioner and duly recorded in the county court of Ritchie county, W. Va., and that he entered in and upon said house and two and seven eights acres of land mentioned in the declaration and occupied the same from the date of his said purchase in 1856, up to the spring of the year 1864, that then they must find for the plaintiff, unless they further believe from the evidence, that the defendant, and those under whom he claims, have been in the exclusive, actual, continued, visible and notorious possession of the property, more than ten years prior to the commencement of this action claiming the same under claim and color of title, adversely to the title of the plaintiff and those under whom his title is derived from the said M. P. Amiss, commissioner of the court in the case of *A. Lowther* v. *Cyrus Hall, &c.*, was not adverse to that of the plaintiff."

" That although it should appear from the evidence adduced in this cause that the property in controversy was not entered upon the land books of Ritchie county in the name of the plaintiff Cyrus Hall, for five years succeeding the year 1865, before the institution of this suit, yet that is not such an omission, as can inure to the benefit of the defendant, M. S. Hall, in this suit and defeat the plaintiff's right of action.

" If they shall believe from the evidence that the plaintiff, Cyrus Hall, purchased the property in controversy in the year ·1856, at a commissioner's sale made by virtue of a decree of the circuit court of Ritchie county, in a certain suit in chancery therein pending, wherein John Starr was plaintiff and Thomas Stinchcomb was defendant and that the plaintiff, Cyrus Hall, under and by virtue of said purchase entered into and took possession of the same, and held the same until the spring of 1864, and that he paid the taxes thereon during that time in the name of Thomas Stinchcomb. And if the jury shall further believe that the defendant, M. S. Hall, purchased the prop-

erty in question in March, 1864, at a commissioner's sale made by virtue of a decree of the circuit court of Ritchie county, in a certain suit in chancery therein pending, wherein Alex. Lotwther was complainant and Cyrus Hall and others were defendants, and that he obtained a deed therefor from M. P. Amiss, commissioner appointed in said last above mentioned cause, on May 23, 1864, and took possession of said property by virtue of said sale and said deed made by said commissioner, M. P. Amiss, and has continued to occupy the same ever since. And if it shall further appear to the jury from the evidence adduced in this cause, that the proceedings had in the circuit court of Ritchie county, in the case of Alex. Lowther against Cyrus Hall and others, under and by virtue of which the said special commissioner, M. P. Amiss, made the deed of May 23, 1864, to the defendant, M. S. Hall, was by virtue of certain proceedings had in a certain suit in chancery instituted on September 14, 1873, in the circuit court of Ritchie county in the name of Cyrus Hall against Alex. Lowther, M. S. Hall and others, upon a bill of review, by a decree subsequently rendered by the Supreme Court of Appeals of the State of West Virginia, on November 17, 1883, reversed the said decree of March 23, 1864, confirming the sale made by M. P. Amiss, commissioner in the above named cause of *Lowther* v. *Hall etc.*, to the defendant M. S. Hall, was declared to be erroneous and reversed, and the deed dated May 23, 1864, made by said commissioner, M. P. Amiss to said M. S. Hall was declared to be invalid and set aside."

"And if it shall also further appear to the satisfaction of the jury, from the evidence, that from the year 1865 up to the institution of this suit and subsequent thereto, that the said M. S. Hall had the property in controversy entered upon the land books of Ritchie county in his own name and paid the taxes thereon. And if it shall also appear that from the year 1865 up to the institution of this suit, or for five years succeeding the year 1865, the property in controversy was not entered upon the land books of Ritchie county in the name of Cyrus Hall, but the said property was entered upon the land books of said county by Cyrus Hall in the year 1874, and has continued to be so entered ever since, and that said

Cyrus Hall has paid the taxes thereon from the year 1874 to the year 1883 inclusive.

"The jury is instructed that if they believe the foregoing to be a correct and true statement of the facts proved in the cause, that then the failure of said Cyrus Hall to have the property entered in his name for five successive years from the year 1865 is not such an omission as will divest him of his right to the property in question, and can not inure to the benefit of the defendant, M. S. Hall, so as to defeat the plaintiff's right of recovery, unless the jury shall believe from the evidence that the defendant, M. S. Hall, for more than ten years prior to the institution of this suit, entered upon the property in controversy under a claim or color of title, adversely to the title of the plaintiff, or shall show good and sufficient title in some other person other than the plaintiff, and he will be estopped from disputing the plaintiff's title.

No. 8.

"That if the jury believe from the evidence that the defendant, M. S. Hall, purchased the property in question and entered into possession thereof, under and by virtue of a deed made on May 23, 1864, by M. P. Amiss, special commissioner appointed by the circuit court of Ritchie county in a certain suit in chancery then pending, wherein Alexander Lowther was complainant and Cyrus Hall and others were defendants, and that the property conveyed by said deed was the property which had been claimed, owned and occupied by Cyrus Hall by virtue of a purchase made by him in 1856, that the then said commissioner, acting under and by virtue of said decree was the agent of the plaintiff, Cyrus Hall, and the defendant, M. S. Hall, and that the relationship of vendor and vendee subsisted between them and that, although the said deed, made by M. P. Amiss, commissioner, on May 23, 1864, to M. S. Hall was, on November 17, 1883, by a decision of the Supreme Court of Appeals of West Virginia, in the case of *Cyrus Hall* v. *A. Lowther, M. S. Hall et al.,* declared to be invalid and set aside ; that the fact that the said M. S. Hall entered in possession of the property under and by virtue of the deed made by a court of competent jurisdiction, establishes such a privity of estate in respect to the rights of the parties plaintiff and defendant in this suit, so

that the assessment on the assessor's books and payment of taxes on said property by the said M. S. Hall inures to the benefit of the plaintiff, and will not work a forfeiture of the land in controversy."

"No. 9.

"If the jury believe from the evidence that the defendant without the consent' of the plaintiff, took possession of the house and lots of land in controversy, and has claimed to hold the same under the same title claimed by the plaintiff, then in order for him to defeat the plaintiff's right to recover in this action, he is bound to show that he has been legally and properly invested with the legal title of the plaintiff to the house and tract of land in controversy in this suit, and that it is not sufficient for him to show a bare possession of the house and lots of land to entitle him to recover in this suit."

"No. 10.

"If the jury believe from the evidence that the deed of M. P. Amiss, commissioner, dated May 23, 1864, to the defendant, M. S. Hall, is by virtue of the decree of the Supreme Court of Appeals of West Virginia, absolutely null and void, that then, unless the defendant, M. S. Hall shall produce some other *bona fide* tangible claim, or color of title to the property in controversy, other than the said deed of M. P. Amiss aforesaid, that then, the said defendant, has no color or claim of title whatsoever, upon which to base a claim or forfeiture, by reason of his having entered the said property upon the land books of Ritchie county and paid the taxes thereon for five years succeeding the year 1865, and prior to the institution of this suit, or by reason of the failure of the plaintiff to have said land so entered and taxed to him during the said period.

"To the giving of each of the foregoing instructions asked on behalf of the plaintiff, the defendant by counsel, objected, and the court sustained the objection and refused to give the said several instructions or either of them to the jury.

"But in lieu of the said several instructions asked for in behalf of the plaintiff, the court did instruct the jury as follows, to-wit:

"The jury is instructed that it is the duty of the owner of land in this State, to have it entered on the assessor's books

of the county in which the land is located, and have it charged with the taxes thereon, and when such owner of land so fails to have his lands so entered on the books aforesaid and have them charged with the taxes due and chargeable thereon, for five successive years after the year 1865, and pay the said taxes due thereon, such failure works a forfeiture of the title to said land or lands of such owner to the State, and without any proceedings therefor, other than the force of the statute; and where two or more persons claim adversely the same land, it is the duty of each and every one to enter the said land on the assessor's books of the county, in which the land lies, and pay the taxes charged, or chargeable thereon; and that the entry on said assessor's books, and the payment of the taxes charged, or chargeable thereon, of one of said claimants is not a payment and fulfillment of the law, as to other adverse claimants. And the jury is further instructed that the deed from M. P. Amiss, commissioner, to M. S. Hall, the defendant, and offered in evidence by the plaintiff in this cause, bearing date May 23, 1864, for the property in controversy, having been by the Supreme Court of Appeals of the State of West Virginia, as appears by the opinion and mandate of said Court, in the case of *Hall* v. *Hall*, in evidence in this cause, declared invalid, null and void, and set aside, that such deed conveyed no title to the defendant, Moses S. Hall, and therefore there was no privity of title existing between the said Cyrus Hall, plaintiff, and Moses S. Hall, defendant, by such deed as exists between purchaser and those whose title is sold by a decree of court; and, therefore, the said Moses S. Hall is not estopped from setting up an adverse claim or color of title, to the property in controversy, now, and from the time of his entering upon and taking possession of the land in controversy, and if the jury believe, from the evidence in the cause, that the said Moses S. Hall, the defendant, entered into, and has held open, notorious, continuous, visible and exclusive possession of said property for five successive years since the year 1865, and before the institution of this suit, under a claim or color of title, and paid all the State taxes, charged or chargeable thereon for said period."

"And if the jury further believe from the evidence in this

cause, that the plaintiff, Cyrus Hall, has failed to enter the land in controversy upon the assessor's books, in his own name, and have it charged with taxes due thereon for five successive years, after the year 1865, and before the institution of this suit, the same is thereby forfeited to the State, and, therefore, the plaintiff can not recover in this action, and they must find for the defendant."

It is apparent from the evidence in the first bill of exceptions, as well as from the instructions asked by the plaintiff, that in the court below as well as in argument in this Court the plaintiff relied upon the following legal propositions: First, that having shown title, possession and the right to possession to the premises in the declaration mentioned, from the year 1856 down to the spring of 1864, when the defendant entered into and took possession thereof, under and by virtue of proceedings in the chancery suit of said Lowther against him and others and under the deed made to him by commissioner Amiss, claiming the premises under and by virtue of such proceedings and deed, the defendant's title to the premises so acquired by him was in privity with that of the plaintiff, and that the relation of vendor and vendee subsisted between them, and that the title acquired by the defendant was not adverse to that of the plaintiff.   Second, that the payment of the taxes thereon by either the plaintiff or defendant would prevent the land from being forfeited for the failure of the other to cause the land to be entered on the land books of the assessor of the proper county.   Third, that the proceedings in the suit of *Lowther* v. *Hall,* including the sale of the property, and the decree confirming the sale thereof and the deed from Amiss to the defendant dated May 23, 1864, having been declared invalid by the Supreme Court of Appeals, the "foundation of the plaintiff's claim and the claim itself were wholly destroyed and annihilated;" and Fourth, that no claim or color of title to the premises in controversy even when supported by adverse possession, could ripen into a good title, unless such adverse possession had continued for a period of at least ten years before the commencement of his action.   The propositions in different forms of statement, constitute in substance the ten instructions asked for by the plaintiff.   All of these instructions except the sixth,

contain sufficient introductory matter to show their relevancy to the matters in issue, and only left the court to determine, whether they correctly propounded the law on the several points therein referred to.

All of these questions have heretofore been presented to, and determined by this Court. "The effect of our statute of limitations as to real estate, is to render a continued adversary possession for the period of ten years conclusive in an action of ejectment not only against the possession, but against the title of the true owner. This result is so absolute that such adversary possession operates as the transfer of the legal title, and is not only a sufficient defence on the part of the defendant, but is sufficient for the plaintiff to recover the land to which he has so acquired title, against the strongest proof of a better title." *Taylor* v. *Burnsides*, 1 Gratt. 165; *Core* v. *Faupel*, 24 W. Va. 238. But to have this effect this adverse possession must have continued unbroken for the full period of ten years before suit brought to recover the land. No such adversary possession continued for a period less than the full term of ten years, can confer upon the hostile claimant the title of the true owner. It is perfectly plain in the case under consideration that the defendant in error never held, or claimed, or pretended to hold or claim the land in controversy under any title or color of title, adverse or hostile to that of the plaintiff in error, but that he held and claimed under his title and in privity with it. While these facts abundantly appear from the other evidence in the record, it is rendered absolutely certain by the testimony given by the defendant himself, when he testified in his own behalf, that "he did not know at the time that he held any other title, but since then, he claimed it under another title;" how long since? under what other title? Of the character of this title, or when, how, or from whom derived, he has not offered a word of evidence. Doubtless he meant to say that having remained in possession of the property in 1864, and paid the taxes thereon to the time of the trial, he considered such possession and payment of taxes that "other title," under which he pretended to claim. If such was in fact his "other title," it was worthless, for as we have already seen, such color or claim of title was not adverse to the title of the

plaintiff in error, but was in privity with it.    In such cases this Court has already decided that the payment of the taxes by either party will be a full satisfaction of the taxes legally chargeable on the land, and therefore the State could have no further charge for taxes against the land thus held in privity, and successively by the vendor and vendee; and that the payment of the taxes on land by the purchaser thereof at a judicial sale, which is subsequently declared void, will enure to the benefit of the owner, and the State can have no claim against the owner for taxes on the land, during the same time and no forfeiture of the land will occur. *Sturm* v. *Fleming*, 26 W. Va. 54; *Lynch* v. *Andrews*, 25 W. Va. 751; *Simpson* v. *Edmiston*, 23 W. Va. 675; *Whitman* v. *Sayers*, 9 W. Va. 671; *Bradly* v. *Ewart*, 18 W. Va. 598: *Lohr* v. *Miller*, 12 Gratt. 452. But from the evidence appearing in this record, it is clear to our mind, that the question of statute of limitations did not properly arise and could not properly have any effect in determining the question at issue.    There was no pretense of any possession adverse or otherwise intervening between that of the plaintiff in error commencing in 1856, and continuing down to the commencement of that of the defendant in error in the Spring of 1864. Giving to the defendant the possession of the premises at the earliest possible moment, March 23, 1864, the date of the decree confirming the sale of the property, the plaintiff's action of ejectment was commenced at the August rules 1873, less than ten years thereafter, and therefore such possession alone, even if the same had been adverse, was insufficient to bar the plaintiff of his right to recover the land in controversy.

We are, therefore, of opinion that the circuit court erred in refusing to give to the jury all of the instructions asked for by the plaintiff, except the sixth, which was properly rejected, because it assumed that such a state of facts had been proved as would have precluded the defendant from taking the benefit of a forfeiture of the title of the plaintiff for failing to enter the land upon the land books of the assessor of the proper county for the five years succeeding the year 1865, when it did not, in fact, appear by said instructions that any evidence tending to prove such a state of facts existed.

The instruction prepared and given by the court to the jury in lieu of those asked for by the plaintiff is in direct opposition to the decisions of this Court upon the same questions in the cases above referred to, for it instructs the jury, in so many words, that although the deed from commissioner Amiss to the defendant, Moses S. Hall, dated May 23, 1864, had been declared null and void and set aside by this Court, that no privity of title existed between the plaintiff, Cyrus Hall, and the defendant, Moses S. Hall, by such deed as between purchaser and those whose title is sold by a decree of the court, and therefore the said Moses S. Hall is not estopped from setting up an adverse claim or color of title to the property in controversy *now*, from the time of his entering upon and taking possession of the land in controversy—and this in the face of all the evidence, which showed, that he entered in possession and held and claimed the same under and by virtue of the proceedings and decrees in the case of *Lowther* v. *Hall*, which as well as his deed executed in pursuance thereof had been declared invalid. This part of the instruction given by the court was clearly erroneous, as were also the last two clauses thereof, because if the facts recited therein are true, no such result as indicated therein followed, for the taxes having been paid by Moses S. Hall, whose title was in privity with that of Cyrus Hall, inured to the benefit of the latter, and therefore no forfeiture, for such cause, could occur, and there being no forfeiture of the plaintiff's title, it could not vest in or inure to the benefit of the defendant, and as five successive years' possession of the premises in controversy after the year 1865—however "open, notorious, continuous, visible and exclusive"—could not operate to transfer the plaintiff's title to the defendant by virtue of the statute of limitations. These instructions, under the evidence in the cause, could only result in a verdict for the defendant. The first clause in the instructions as given by the court was well calculated to mislead the jury, for while as an abstract proposition it may be true as stated, yet as we have already shown, if the taxes due and chargeable on the property have in fact been paid by another claimant of the land whose title is in privity with that of the owner of the land, this abstract proposition will, in that case, be incorrect, for no such forfeiture can then take place. The

second clause in said instruction was correct in the abstract, but it was calculated to mislead the jury, because there was no evidence to support it, and therefore ought not to have been given.

We are therefore of opinion that the circuit court erred in refusing to give to the jury the instructions asked for by the plaintiff, except the sixth, and also in giving to the jury the instructions so prepared and given by the court, and in refusing to set aside the verdict of the jury and grant the plaintiff a new trial. Therefore it is considered by this Court that the judgment of the circuit court of Ritchie county, rendered in this cause on February 26, 1885, be, and the same is hereby reversed, and that the plaintiff in error recover of the defendant in error his costs by him about the prosecution of his writ of error in this Court in this behalf expended. And this Court now proceeding to render such judgment as the circuit court should have rendered, it is further considered that the verdict of the jury be set aside and a new trial awarded to the plaintiff in error, the costs of the suit to abide the issue of such new trial, and this cause is remanded to the circuit court of Ritchie county for further proceedings there to be had therein.

REVERSED.   REMANDED.

| 27 | 483 |
|----|-----|
| 28 | 567 |
| 32 | 587 |
| 33 | 694 |
| 33 | 735 |

| 27 | 483 |
|----|-----|
| 42 | 389 |

| 27  | 483 |
|-----|-----|
| f63 | 520 |

| 27  | 483 |
|-----|-----|
| f66 | 373 |

# CHARLESTON.