## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### BLAKEY ET ALS. V. MORRIS.

#### March 9th, 1893.

1. EJECTMENT—*Evidence.*—At the trial of an action of ejectment the will of the patentee, under whom plaintiffs claimed, which did not mention, nor refer to, nor appear to have any connection with, the land in controversy, was rejected as evidence in behalf of the plaintiffs.

HELD:

No error.

2. IDEM—*Color of title.*—The deed or instrument relied on to give color of title must appear to define specifically the boundaries of the claim; and where, at the trial of such action, certain instruments, containing no description whereby the possession could be defined or ascertained, were offered by the plaintiffs to give color of title, and were rejected—

HELD:

No error.

3. VERDICT—*Code, § 3484.*—As the plaintiff must recover, if at all, upon the strength and sufficiency of his own title, and not upon the insufficiency of the defendant's title, and the evidence adduced in the cause being contradictory, the jury found for the defendant—

HELD:

That under the rule, § 3484, this court will not disturb the verdict, there having been no incorrect instructions on the law given to the jury.

Error to judgment of circuit court of Greene county, rendered June 13th, 1891, in an action of ejectment, wherein George E. Blakey and others were plaintiffs and N. Morris was defendant. The object of the suit was to recover a tract of land, situated in said county, and containing 146 acres, 2 roods, and 22 poles, on which the defendant now resides. A jury was impanelled in the said court to try the case, and, upon the evidence adduced before them and under the instructions

·of the court, found for the defendant; and the plaintiffs moved the court to set the verdict aside, on the ground that it was contrary to the law and the evidence; but the court overruled the motion, and rendered judgment in accordance with the verdict; whereupon the plaintiffs excepted, and, they having duly excepted during the trial to sundry rulings of the trial court against them, applied for and obtained a writ of error to this court. Opinion states the case.

*F. M. McMullen, A. R. Blakey,* and *James G. Field,* for plaintiffs in error.

*John G. Roller* and *W. L. Yancey,* for defendant in error.

LACY, J., delivered the opinion of the court.

The first assignment of error here is that the plaintiffs, having read in evidence to the jury a patent from Robert Brooke, governor of Virginia, to Robert Oliver, dated on the 1st day of September, 1796, for 19,950 acres in the Blue Ridge mountains, (from which were excepted, as excluded and not granted, fifty tracts of land, ranging in size from 3,800 acres to 50 acres,) the said plaintiffs then offered in evidence the will of said patentee, Robert Oliver, which said will was excluded as evidence by the court, to which the plaintiffs excepted. There are numerous objections to the said will as evidence in this case, but the said will did not refer to, nor in any wise make mention of, this land. It was not in any way related to the controversy. The plaintiffs did not pretend to claim under this will, but had offered in evidence a power of attorney from Robert Oliver, dated April 25, 1834, to one Henry O. Middleton, authorizing him to sell this land granted by the said patent. Robert Oliver died during the same year, and his son, Charles Oliver, is appointed one of four execu-

tors of his will, and neither one of the said executors is authorized to sell any land. And a deed was offered in evidence from H. O. Middleton, as attorney-in-fact for Charles Oliver, which deed, however, was admitted to record by the clerk as a deed from H. O. Middleton as attorney-in-fact for Robert Oliver, on the 15th of August, 1839, the deed bearing date in March, 1838, long after the power of attorney had been revoked by the death of Robert Oliver, the grantor therein ; and there appears to have been no power of attorney from Charles Oliver to the said Middleton ; and the plaintiffs have not in any way connected themselves with the will of Robert Oliver.

The controversy was upon the possession of the defendant, as derived (as alleged by the plaintiffs) from the plaintiffs, or those under whom they claim; which, however, is denied by the defendant, who introduced a large amount of testimony of witnesses in contradiction of the testimony of the plaintiffs ; and the court instructed the jury, as asked for by the plaintiffs, that the tenant could not be allowed to dispute the possession of the landlord without restoring such possession, and, if he died without doing this, his children were, like himself, in the occupation of this land, tenants; and, if the parties were in possession from the grant of persons who were tenants, then the jury was instructed to find for the plaintiffs, if they so believed the evidence; and for the defendant instructed the jury that the plaintiffs must recover, if at all, upon the strength and sufficiency of their own title, and not upon the insufficiency of the defendant's title ; and also the converse of the propositions asked for by the plaintiffs, and stated in the alternative as to tenants ; and, further, as to the character of possession, and its duration necessary to maintain the claim of adverse possession. And, the questions of fact being submitted to the jury, with very correct instructions upon the

law, upon the contradictory evidence adduced in the cause the jury found for the defendant, and the trial judge refused to disturb the same. So, that, upon well-settled principles, this court will not disturb the verdict, nor the judgment rendered thereon, unless it appears to be plainly wrong—unless, in some question of law raised in the record, the court has erred to the injury of the plaintiffs.

The only remaining question is the action of the trial court in excluding certain wills which are offered by the plaintiffs to show color of title in them; but these instruments, while professing to devise the premises in question in general terms, do not in any sense relate to the title of Robert Oliver under his patent, and are of no effect as a link in the chain of title claimed, and are of no effect to give color of title to support adversary possession, containing no description, no boundaries, by which the possession can be defined or ascertained. The deed or instrument which is relied on to give color of title must seem to define specifically the boundaries of his claim. *Ellicott* v. *Pearl*, 10 Pet. 412. Where a disseisor enters upon and cultivates part of a tract, he does not thereby hold possession of the whole tract constructively, unless this entry was by color of title by specific boundaries to the whole tract. Color of title is valuable only so far as it indicates the extent of the disseisor's claim, (*Ege* v. *Medlar*, 82 Pa. St. 99,) and the said wills were therefore properly excluded, as the said land was not therein set forth nor defined.

There was no error in the action of the trial court in admitting proof that the party under whom the defendant claimed to derive title by adversary possession claimed an adverse holding against all, as among his acts of ownership. The same appears, indeed, from the evidence, not excepted to, showing acts of ownership. In this case the evidence is certified; and, when thus considered, upon the rule established

in this court upon a certificate of the evidence, this court cannot disturb the verdict, it appearing to be, under that rule, plainly right. Upon the whole case we are of opinion to affirm the judgment appealed from.

JUDGMENT AFFIRMED.