# CHARLESTON.

## WALDRON *v* HARVEY

Submitted January 15, 1904—Decided February 9, 1904.

1. PARTITION BILL—*Sale.*

Upon a bill purely and only for partition of land in kind between parceners, asking no sale for costs, or other cause, there can be no sale for costs, and a decree of sale is void, not simply erroneous. A sale and conveyance under it confer no title. (p. 612).

2. PLEADINGS—*Decree.*

Where there is no pleading to warrant a decree, or part of a decree, the decree, or such part of it, is not merely voidable, but void, as it is not on a matter in issue. (p. 613).

3. PLEADINGS—*Decree.*

Where the subject matter and purpose and nature of a suit are such as not to warrant a given decree, but the decree is foreign thereto, it is null and void. (p. 614).

4. BILL—*Decree.*

A prayer for general relief will authorize a decree upon matter of the bill, though such decree is not asked by a prayer for specific relief; but not unless the matter of the bill warrants the decree in law. (p. 614).

5. COURT JURISDICTION—*Decree.*

While a court of equity having jurisdiction for one purpose may go on and give full relief as to all matters comprehended under the allegations of fact in the pleadings, yet it is limited in its relief to the allegations of the bill or other pleading, and can not decree beyond their scope. (p. 614).

6. FINAL DECREE.

After a final decree at one term giving the full relief warranted by the facts stated in the bill, the case is ended and out of court, and the court has no further jurisdiction of the subject matter or parties, and all orders and decrees at a later term are null and void. (p. 615).

7. MARRIED WOMAN—*Separate Estate.*

A decree selling in fee land of a married woman not separate estate, for debt made during coverture, is wholly void, and passes no title. A decree selling in fee the separate estate land of a married woman for a debt made during coverture and before chapter 3, Acts 1893, Code 1899, chapter 66, section 15, is wholly void and passes no title. (p. 615).

8. DECREE—*Error.*
A decree which is void, not merely erroneous, may be attacked directly by appeal or bill of review, or by collateral attack. (p. 616).

9. PARTITION SUIT—*Creditor.*
In a suit purely for partition of land, unless a sale and distribution of its proceeds·are sought, a trustee and creditor in a deed of trust are not necessary parties. (p. 616).

10. MARRIED WOMAN—*Separate Estate.*
A married woman cannot lose her land, separate or not separate estate, by estoppel by conduct (*in pais*) without actual fraud, if even by it. (p. 616).

11. LAND—*Title.*
One cannot lose vested title to land by oral admission that it is the property of another. (p. 617).

12. LACHES—*Separate Estate.*
Laches cannot be imputed to a married woman to defeat her suit for land not her separate estate. (p. 617).

13. LACHES.
Laches will not defeat a suit for land when the edverse claimant is not in actual possession. (p. 617).

14. LACHES—*Statute of Limitations.*
Where one is vested with legal title to land *laches* will not defeat a suit for it when the right is yet not barred by the statute of limitations applicable to it. (p. 617).

15. MARRIED WOMAN—*Separate Estate.*
Adverse possession of a married woman's land not her separate estate, beginning during coverture and continuing for the term of the statute of limitations, will bar the wife s and husband's right during coverture; but though the right during coverture is barred, the wife or those claiming under her has five years after the coverture ends to sue for the land. (p. 618).

16. MARRIED WOMAN—*Constructive Possession.*
Waldron has actual possession of a tract of her land, and Nighbert has actual possession of a tract of his land. A part of Waldron's land is sold under a decree void, not merely voidable, and is purchased by Nighbert. The part sold adjoins the land of Nighbert, and also the remaining land of Waldron. Neither ever has actual possession within the part so sold. By law the constructive—actual possession of Waldron over the part sold commencing before the void sale continues after it, and Nighbert has no constructive—actual possession of the part

sold so as to be adverse to Waldron and bar Waldron's title by limitation. (p. 618).

17. 'JUDICIAL SALE—*Title*.

A deed for land to a purchaser under a judicial sale, though the decree is without jurisdiction and void, is color of title for adverse possession, and actual possession under it is adverse to the owner of the land. (p. 619).

18. ADVERSE POSSESSION.

Possession by a purchaser under a judicial sale not wholly void is adverse to the owner. (p. 619).

19. DELINQUENT LAND—*Sale.*

Passing the state title to forfeited land to another claimant, under the Constitution, article 13, section 3. (p. 619).

20. JUDICIAL SALE—*Adverse Possession*.

Payment of taxes by purchaser under a void judicial sale enures to the benefit of the former owner, so as to save his title from forfeiture for failure to enter it upon the tax books in his name. (p. 619).

21. JURISDICTION—*Equity Title*.

Equity has jurisdiction to remove cloud over title to land by vacating a void judicial sale and a deed under it, the former owner being in actual possession. (p. 620).

22. BONA FIDE PURCHASER—*Jurisdiction*.

A purchaser of land from a purchaser under a decree void for want of jurisdiction is not a *bona fide* purchaser without notice. He is bound to know the want of jurisdiction and defect of title apparent in documents under which he derives title. (p. 612).

Appeal from Circuit Court, Mingo County.

Bill by Hester A. Waldron against Thomas H. Harvey and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

JOHN W. ENGLISH and ROBERT H. HOYLE, for appellant.

JOHN B. WILKINSON and THOS. H. HARVEY, for appellees.

BRANNON, JUDGE:

George W. Clark died in 1861 owning a large tract of land in Logan county. In 1885, M. H. Waldron and Hester A. Waldron his wife filed a bill against Luemma Clark and others in the circuit court of Logan county, stating in it the death and

seisin of Clark, that he left a widow, Lucmma Clark, and three children, Hester A., John B. and Jane Clark; that Hester A. Clark had married M. H. Waldron, and Jane had married ———— Waller, and died leaving one child, George R. Waller. The bill prayed that the widow's dower be assigned and the land divided between the three heirs. The bill contained the common prayer for general relief. A decree was made at April term, 1886, assigning the widow's dower, and assigning to Hester A. Waldron, John B. Clark and George R. Waller each a separate parcel of the land, and requiring each heir to pay a third of the costs, and retiring the case from the docket. U. S. Buskirk gave a notice to the parties to the suit saying that he was the beneficiary of the several parties entitled to costs in the case, and that he would at the October term, 1886, move the court to reinstate the case on the court docket. At that term an order was entered reciting that as at the April term, 1886, the cause was dropped from the docket without any provision for payment of costs, "on motion of the plaintiff this cause is ordered to be reinstated upon the docket of this Court, that an adjudication and proper process may be had for the costs herein." At the same term another decree was made reciting that the former decree had required Hester A. Waldron, J. B. Clark and George R. Waller to pay the costs equally, and fixing the amount of costs and decreeing that unless said parties should pay the costs and interest, a special commisioner should sell sufficient of the land which had been set apart to said heirs to pay the costs chargeable to them, respectively. Under this decree 99 acres of the tract which had been allotted to Hester A. Waldron was sold, and purchased by J. A. Nighbert, and the sale confirmed by decree. Nighbert's right passed to Thomas H. Harvey, S. S. Altizer, Nicie Nighbert and G. F. Miller. By deed of trust, 17th September, 1883, M. H. Waldron and Hester A. Waldron, his wife, and John B. Clark conveyed to William Stratton as trustee to secure a debt to James A. Nighbert all their interest then undivided in the land descended to them from George W. Clark. In a suit to enforce liens against John B. Clark a decree was made to sell John B. Clark's tract allotted to him, and in this suit the said trustee and Nighbert were parties, and under the decree the tract of John B. Clark was sold and bought by Nighbert by decree. That suit was brought and the sale under

it made before the sale to Nighbert of the ninety nine acres out of Hester Waldron's land. The Jonh B. Clark land bought by Nighbert adjoins said ninety nine acres. When Nighbert purchased the John B. Clark land he at once took posession of it, and yet has such possession; but his possession actual includes no part of the ninety nine acres. Before George W. Clark's death he allotted a portion to Hester A. Waldron, and she and her husband took actual possession of it, built a house upon it, and have ever since been in actual possession, and the part assigned to her in the partition included this improvement, and ever since such partition they have continued such possession. The ninety nine acres sold from her is part of the tract assigned her, and adjoins the remainder of her tract; but she has never had actual possession within the ninety nine acres, if we can give it a boundary. The said ninety nine acres seems to have no definite boundary. The decree under which it was sold prescribes no definite boundary, simply tells the commissioner to sell a sufficient amount of land to pay the debt. The said ninety nine acres was, for taxation, deducted from Hester A. Waldron's tract, and ever since Nighbert's purchase of it the ninety nine acres has been taxed to Nighbert and those claiming under him, and not to Hester Waldron. The sale to Nighbert of the John B. Clark land paid the deed of trust, but it was not actually released until after the sale of the ninety nine acres under the decree. The said ninety nine acres is in a state of nature. In the year of 1900 Waldron and wife brought a chancery suit in the circuit court of Mingo county, wherein the land now lies, against Thomas H. Harvey and others owning the ninety nine acres under Nighbert's purchase under said judicial sale, basing their claim to relief on the theory that the decree of sale, and the sale and confirmation decree were all void, and conferred no title, because the court was without jurisdiction to make the decrees, and praying that said decrees and sale and deed under them be set aside as clouds upon the title of Hester Waldron. The court entered a decree denying any relief to Waldron and his wife, and dismising their bill, and from this decree they have appealed.

One important question is this: The bill for partition was purely and only a bill for partition. It stated only the facts that Clark owned the land at his death, his title, who were his heirs,

and that they were entitled to partition. It asked nothing as to costs; did not pray that they be charged on the land, and that the land sold for them. The utmost the court could do on that bill was to divide the land, order each party to pay his share of cost by personal decree, and perhaps, as some courts do, declare such costs a lien on the lands assigned, which would be unnecessary, because the decree personal would be a lien. This decree did not declare the costs a lien. If it had done so, there could not be a sale for costs on that bill. The decree that the heirs pay costs was a judgment. It had to be enforced by another bill, because it did not exist at the date of the suit, and the bill made no allegation as to its payment, and made no statement or prayer as to costs, or their non-payment. There had been no execution for such costs. It was not a judgment lien suit; it did not seek a sale of the land for any cause. "A decree is a conclusion of law from pleading and proofs, and where there is a failure of either pleading or proofs there can be no decree." *Kenneweg* v. *Schilansky,* 47 W. Va. 278; *Vance Shoe Co.* v. *Haught,* 41 *Id.* 275. A decree, or any matter of a decree, which has no matter in the pleading to rest upon is void, because pleadings are the very foundation of judgments and decrees. "Matters not charged in a bill or in the answer, and not in issue in the cause, are not proper to be considered on the hearing." *Hunter* v. *Hunter,* 10 W. Va. 321. There must not only be jurisdiction as to the person affected by the decree by having him before the court by process or appearance, but there must be jurisdiction of the matter acted upon by having it also before the court in the pleadings. Multitudinous cases attest this elementary axiom of jurisdiction. If either is wanting, the decree or judgment is void, not merely voidable or erroneous. Hogg's Eq. Proced. section 573; *Haymond* v. *Camden,* 22 W. Va. 180, (point 5); *McCoy* v. *Allen,* 16 *Id.* 724; *Shaffer* v. *Fetty,* 30 *Id.* 248; *Bland* v. *Stewart,* 35 *Id.* 518. Akin to this case is *Seamster* v. *Blackstock,* 2 S. E. 36, where a widow sued to assign dower, making the heirs parties, and the court decreed a sale, and the decree was held void because in selling the court exceeded its jurisdiction. So in *Hull* v. *Hull,* 26 W. Va. 1, and *Hoback* v. *Miller,* 44 *Id.* 635, suits brought by widows for dower, sales decreed were held absolutely void. Why? Because in such suit, upon such a cause of suit, a sale was improper,

the court not having proper jurisdiction for that purpose. So in this case, a suit purely for partition, there could be no sale except for the reason that the land was indivisible, certainly not for costs. In the cases just given there was more reason to justify decrees than in this case, because the bills asked a sale, and this bill did not, and stated no ground for sale. You cannot in a suit for one purpose, decree for another. *Billingsley* v. *Minear*, 44 W. Va. 651, is like this case, in that the bill was good for part, but not all of the decree. It was held bad as to the part not covered by the facts stated in the bill.

It is argued that the prayer for general relief makes the decree good over the defect just stated. This cannot be so. Under a prayer for general relief you can get relief not specifically asked, provided the facts alleged in the bill and the nature of the case warrant it, not otherwise. Hogg's Eq. Proced. section 105; *Vance Shoe Co.* v. *Haught*, 41 W. Va. 275.

It is further argued that as the court had unquestionable jurisdiction to decree partition, the sale decree was warranted by the rule that having jurisdiction for one purpose it must go on and give full relief on principles stated in *Sinnett* v. *Cralle*, 4 W. Va. 600. That is where the nature of the case and the facts given in the bill justify it. A court cannot do everything in a case. This case was only one for partition; sale was not its object or nature; the bill contained nothing to call for it. That was not in the issue. "It is impossible to concede that because A and B are parties to a suit that a court may decide any matter in which they may be interested, whether such matter be involved in the litigation or not." Black on Judge, 241. So the decree for sale was *ultra* the case.

Another reason why the sale is void, is the indefiniteness of the land sold. It seems simply a sale of 99 acres out of 878. No boundary, no description, all vague and general. Ejectment could not be maintained for it, for it was agreed in the present suit that it had never been surveyed and that its boundaries had never been ascertained, and that if the case should go for defendants, the court should direct a survey and its metes and bounds be fixed and entered of record. Thus the surveyor, not the court, would be the vendor in effect. *Blakely* v. *Morris*, 89 Va. 717.

Another reason occurs to me to show this decree void. The suit

sought partition only. When the decree making final partition
and adjudicating costs was entered, it disposed of every thing
involved in the case; it was a final decree and ended the case,
because it had fully performed its office of giving full relief ac-
cording to the facts, and the court had nothing further to do.
A final decree puts the case out of court. *Cock* v. *Gilpin,* 1 Rob.
22; *Vanmeter* v. *Vanmeter,* 3 Grat. 142; Hogg's Eq. Proced.
section 568; *Morgan* v. *Railroad,* 39 W. Va. 17. *Childers* v.
*Loudin,* 51 W. Va. 559, holds that after the term the powers of
the court are closed. The decree alone put the case out of the
court; but the decree expressly struck it from the docket. There
was no case in court for a further decree, and the decree of sale
was a nullity. *McKinney* v. *Kirk,* 9 W. Va. 26; *Crim* v. *Davi-
son.* 6 *Id.* 465. It is no answer to this to say that Code, chapter
127. section 11, allows reinstatement. That does not apply to
suits closed by final decree, but only to nonsuits and dismissal
before decree.

Another reason for holding the decree of sale void comes from
the question, Where did the court find its jurisdiction to sell the
fee simple of a married woman's land for her debt? At the
date of the decree equity could subject the issues, and profits
during the coverture. This was the extent of its powers, until
acts 1893, Code 1899, chapter 66, section 15. Under no state of
facts could it go further to pay her debts, if the land was her
separate estate without a lien. *Radford* v. *Carwile,* 13 W. Va.
572; *Williamson* v. *Cline,* 40 W. Va. 194. Was the land Hester
Waldron's separate estate? We do not know. She inherited it
in 1861. We do not know when she was married. If before
1st April, 1869, it was not separate estate; if after that date, it
would be under chapter 66. section 2, Code. If the land was not
separate estate, I do not see how it could be at all subjected. As
a contract to pay costs, her promise would be not enforceable.
But say there is the decree against a married woman. It would
be void, as would a judgment at law. The suit was not one to
sell her land. But as the costs were in partition they might be
charged expressly on the land; but this was not done. Let us
say, however, that the decree is personal, and being in partition,
is valid. Still, could you sell the *corpus* of her land? Whether
we view the land as maiden land, not separate estate, or separate
estate, I do not see how the land could be sold in fee. Under

*Thorn* v. *Sprouse,* 39 W. Va. 706, it seems her land would not be liable for costs.

Counsel for the defense say that the court had jurisdiction for partition, and that even if it erred in a decree of sale, it is merely error, and is *res judicata,* and forever binding, and could be attacked only by appeal, not collaterally, as is done in this case. But this is answered by the fact that the decree is void, not voidable. A void decree may be reversed on appeal or bill of review or attacked collaterally. *Cook* v. *Dorsey,* 38 W. Va. 196; 2 Cyc. 590.

It is argued that as the trustee and creditor were not parties the decree is also for that reason void. It would be as to them; but as to other parties, it would be only erroneous, not void. It was only a partition suit, to which they were not necessary parties, unless a sale was asked. 1 Daniel Ch. Prac. 257; 2 Minor's Inst. 418.

It is claimed that the plaintiff is estopped to say the decree of sale is void, on the theory that the decree was at her instance. To bar one of his right, the case must be plain. The record does not show that Hester Waldron moved the decree. It is likely that Buskirk did. An order does show that she moved the reinstatement, which, though it so states, is not likely, and probably an unauthorized statement, as Buskirk gave the plaintiff notice that he would ask reinstatement. But pass this. The decree of sale, another order than that of reinstatement, was not moved by her. Is it likely she would move a decree against herself. She got the benefit of the decree in having its proceeds pay her debt; but did not ask its benefit. Though the record does not disclose that she did anything working an estoppel, yet as it is argued that she did, I will say that if she did, yet as she was a married woman, whether this land is, or is not, separate estate, she could not lose her title by estoppel *in pais,* for reasons given in *Williamson* v. *Jones,* 43 W. Va. 562, (point 11). In that late excellent Chancery work, Amer. & Eng. Dec. in Eq., vol. 4, p. 363, in a full note on Estoppel by conduct, I find this: "She cannot be estopped with reference to her legal title to real estate, however, since that can only be conveyed according to the statutory requirements." Very many cases are cited from all quarters to support the proposition. *Heavner* v. *Godfrey,* 3 W. Va. 426;

*McNeely* v. *Oil Co.,* 52 *Id.* 643. The answer says Hester Waldron admitted in conversation that Nighbert owned the land. Title to land cannot pass by admission, when statute requires a deed. Cases given in *McNeely* v. *Oil Co.,* 52 W. Va. page 644; *High* v. *Pancake,* 42 *Id.* 607. But the replication denies this allegation. It was mere mistaken opinion, not misleading any one to outlay.

*Laches.* This defence cannot avail. View Hester Waldron's estate as not separate, and the rule applies that *laches* cannot be imputed to a married woman. *Baker* v. *Morris,* 10 Leigh, 284; 18 Am. & Eng. Ency. L. 2 ed. 107; Hogg's Eq. Princip. 418. Waldrons being in possession *laches* are not imputable to them, as the defendants were not in possession. *State* v. *Sponagle,* 45 W. Va. 415. In addition, this case is one of legal title, and is governed by the statute of limitations—that is, the right to the land, and as that statute does not bar the plaintiff, as will be presently sought to be shown, *laches* cannot bar, as clearly a right yet good under the statute is not lost by *laches.* *Laches* applies to equitable demands where the statute of limitations does not. "Mere delay in asserting a right, short of the limitation fixed by statute, does not bar the right in equity." 8 Am. & Eng. Dec. in Eq. 677. If a legal right gets into equity, the statute governs. Hogg's Eq. Princip. 415; *Wilson* v. *Harper,* 25 W. Va. 179. The cases of *Pusey* v. *Gardner,* 21 W. Va. 470, and *Trader* v. *Jarvis,* 23 *Id.* 101, do not apply because they were about equitable rights.

View Hester Waldron's land as separate estate, and say that *laches* are imputable to a woman as to here separate estate. If the statute does not bar, *laches* do not bar, as just stated.

*Statute of limitations.* If the land was maiden land, not separate estate, and there had been actual possession by the purchaser, Nighbert, of the 99 acres, the statute would bar the joint right, during coverture. *Merritt* v. *Hughes,* 36 W. Va. p. 366; *Caperton* v. *Gregory,* 11 Grat. 505. But the wife's estate would be saved by coverture. But the joint right of Hester Waldron and husband cannot be so barred for want of actual possession of the ninety nine acres by those claiming under the sale. Before that sale Hester Waldron and husband had actual possession of the tract assigned her, and that possession, though not on the ninety nine acres, included it, as possession of part

is of the whole. If Nightbert's purchase were not void, it may be that his possession of the John B. Clark land would be extended over the ninety nine acre coterminous tract on the same principle, as it would in such case be the better right and would displace the constructive—actual possession of the Waldrons; but the sale being void, did not displace the constructive—actual possession of the Waldrons of the ninety nine acres, because it did not for a moment extend to it. *Oberton* v. *Davisson,* 2 Grat. 211. So Nighbert and those under him never had actual, or constructively actual possession of this ninety nine acres. Thus, the joint estate is not barred. So, if we view it as separate estate, the wife's right is not barred, for like reason, want of possession.

The defendants ask, are not our purchase and deed under it color of title? The plaintiffs says that it is not because it has been held that one who buys at a court sale that is void holds no adverse possession against the former owner? For this broad position that a deed under a void sale is no color of title, *Hall* v. *Hall,* 27 W. Va. 468; *Lynch* v. *Andrews,* 24 *Id.* 751; *Sturm* v. *Fleming,* 26 *Id* 54, are cited.

I think the last case only holds that payment of taxes by the purchaser keeps the land from being forfeited for non-entry by the former owner. The first two cases at first seemed to conflict with *Mullan* v. *Carper,* 37 W. Va. 215 and with *Swann* v. *Thayer,* 36 *Id.* 47, holding void sales good for color of title and adverse possession, which they certainly are on sound principle. *Bennett* v. *Pierce,* 50 W. Va. 604; *McNeely* v. *Oil Co.,* 52 *Id.* 616. But on examination we see that in the cases of *Hall* v. *Hall* and *Lynch* v. *Andrews* the litigation in which the sales were made continued, and the sales were set aside in those same cases. The purchasers were like *pendente lite* purchasers, who cannot plead the statute. Those cases do not apply in this case for reasons just stated. It is clear that, except under special circumstances, possession under a sale is adverse though the sale be void. "The possession of a purchaser at a judicial sale is adverse to the judgment debtor." 1 Cyc. 1054; 1 Am. & Eng. Ency. L. 2 ed. 850. On page 845 we read: "A deed which es executed pursuant to a decree of a court of competent jurisdiction gives color of title even though the decree is void."

Possession under a deed from a vendor is adverse to him; possession under a void tax deed is adverse to the former owner. By a parody of reason a deed under a void decree purporting to pass the owners title is color of title. *Simpson* v. *Edminston,* 23 W. Va. 675; *Ketchum* v. *Spurlock,* 34 *Id.* 597. A void deed was so held in *Cooey* v. *Porter,* 22 W. Va. 121. Whilst I assert that a deed under a void decree would give good title by adverse possession, yet for want of actual possession in this case it avails nothing. Besides the decree was void for want of description of the land, and thus not good for color of title. And if the land was maiden land, not separate estate, no possession would avail against Hester Waldron or her heirs until after the death of her husband. *McNeely* v. *Oil Co.,* 52 W. Va. 677; *Caperton* v. *Gregory,* 11 Grat. 505. She has been under disability every moment since the sale, and her right is protected by section 3, chapter 104, Code, giving one or those claiming under him five years for suit after the end of disability.

I do not understand that it is contended in the brief that payment of taxes by Nighbert and his aliences and the failure of Waldonrs to pay tax vest title in Nighbert by reason of forfeiture of Waldron's right for non-entry for taxes under section 3, article 13, Constitution. If such is the meaning of the allegation of such payment by Nighbert and non-entry by Waldrons, it is not tenable. There has been no actual possession under the first and last clauses to apply them, and no claim under a grant from the state to apply the second clause. And, further, *Sturm* v. *Fleming,* 26 W. Va. 54, and *Lynch* v. *Andrews,* 25 *Id.* 751, and *Hall* v. *Hall,* 27 *Id.* 466, hold that taxes paid by a purchaser under a void decree enure to the former owner's benefit to prevent forfeiture by his non-entry for taxes. This is on the theory of identy of title and privity of estate.

*Equity jurisdiction.* I have shown above that Waldrons have always been in actual possession. That gives them right to sue in equity to remove cloud. *Smith* v. *O'Keefe,* 43 W. Va. 172; Hogg's Eq. Princip. 81. Likely we may say they have jurisdiction to vacate a void decree.

As the money of Nighbert and those under his title paid just claims against Waldron and wife to pay costs of partition and taxes, the plaintiff must do equity by refunding the same

with six per cent. per annum interest from proper dates, which shall be ascertained and declared a lien on the ninety nine acres.

I believe it is not claimed that though the sale and deed are void the purchasers under Nighbert can be protected. They cannot be for these reasons: First, their answer does not show that they are complete purchasers by payment of purchase money before notice of defect of title. Hogg's Eq. Proced. section 433. Second, they are not complete purchasers, because the legal title was outstanding in trustee Stratton, who was not a party to the suit in which Waldron's land was sold. Third, a purchaser from a purchaser under a decree void for want of jurisdiction is not a *bona fide* purchaser without notice. He is bound to know the want of jurisdiction. He is bound to know defects in papers showing his claim of title. *Hoback* v. *Miller,* 44 W. Va. 635; 23 Am. & Eng. Ency. L. 2 ed. 508; *Wood* v. *Krebbs,* 30 Grat. 708; *Williamson* v. *Jones,* 43 W. Va. 562. Code, chapter 132, section 8 does not protect a sale under a totally void decree. Title falls with its vacation. The title was never for a moment good; never existed.

Therefore, it is adjudged, ordered and decreed that the decree of the circuit court of Mingo county, entered on the 21st day of February, 1901, be reversed; that the decrees entered in the case of *M. H. Waldron and wife* v. *Luemma Clark and others,* by the circuit court of Logan county, on the 14th day of October, 1886, and 16th day of April, 1887, be vacated and annulled and that the deed made under said decrees by H. C. Ragland, commissioner, to J. A. Nighbert, on record in the office of the clerk of the county court of Logan county, in deed book J, page 341, be vacated and set aside, so far as the plaintiffs are concerned therein, and that the title or right of Thomas H. Harvey, S. S. Altizer, Nicie Nighbert and G. F. Miller in the tract of ninety nine acres of land specified in said commissioner's deed, be vacated and held for naught as to the plaintiffs. The cause is remanded to the circuit court of Mingo county to ascertain the proper sum payable by Waldron and wife for costs and taxes as according to this opinion.

*Reversed.*